CHARLES EVERETT, PLAINTIFF IN ERROR, V. JOHN F. HOBLEMAN, DEFENDANT IN ERROR.

1. **Practice:** NEW TRIAL: VERDICT. A verdict will not be set aside and a new trial ordered on account of a conflict in the testimony, except where it is clearly wrong.

2. ————: PREJUDICIAL ERROR MUST BE SHOWN. A new trial will not be ordered unless it appears that the party complaining has been deprived of a substantial right. Error without prejudice is not sufficient to warrant the setting aside of a verdict.

ERROR to the district court for Gage county. Tried below before WEAVER, J.

*J. N. Rickards* and *J. E. Bush,* for plaintiff in error.

*R. S. Bibb,* for defendant in error.

REESE, J.

This action was commenced in the district court of Gage county by the defendant in error for the sum of $98.03 alleged to be due him from the plaintiff in error as damage resulting from the conversion of certain property and notes placed in the hands of the plaintiff in error to secure to him the sum of $280 furnished to the defendant in error, and also to secure the payment of certain expenses incurred by

Everett v. Hobleman.

the plaintiff in error at the request and for the benefit of defendant in error.    The defendant in error alleged in his petition that the notes and property delivered to the plaintiff in error exceeded the amount advanced and expenses incurred by plaintiff in error to the amount for which the suit was brought.

The plaintiff in error answered the petition, denying that said property was delivered to him as collateral security, but alleged that it was sold to him, absolutely, by defendant in error, and that one note of $150.13, alleged by defendant in error simply to have been given by him as further security for the said sum of $280, was for a balance due plaintiff in error on a settlement of all their dealings and for a threshing machine which the defendant in error that day bought of plaintiff in error.    He also demanded judgment against the defendant in error for the sum of $20 alleged to be due him from the defendant in error as damages for the failure to deliver to him one cow of that value, which he alleged he had purchased of the defendant in error with the other property referred to in the pleadings.    No reply was filed.

The cause was tried to a jury, who returned a verdict for the defendant in error, and assessed his damages at $6.49. A motion for a new trial was made, overruled, and judgment was rendered on the verdict.

The first assignment of error which requires attention is, that the district court erred in permitting defendant in error to show that certain notes mentioned in the petition had never been returned to him by the plaintiff in error.    By an examination of the record we find that defendant's cause of action was based in part on the alleged conversion of the property for which these notes were received by the plaintiff in error.    It is clear that if the plaintiff in error had accounted for or returned to the defendant in error those notes, nothing could have been claimed therefor, the property having been sold and the notes taken with the consent

of the defendant in error. In this action of the court there was no error.

The second point urged by the plaintiff in error is, that the verdict was against the weight of evidence. The evidence was conflicting, but the jury was the sole judge of its weight, and a verdict will not be set aside unless it is clearly wrong. *Young v. Hibbs*, 5 Neb., 433.

The remaining point, upon which plaintiff in error seems to rely, is, that he was entitled to a verdict of $20 on his counter-claim, there being no reply filed denying it. Had the plaintiff in error requested it, the court would doubtless have instructed the jury to allow this claim, but no such request was made, and no mention of this point is made in the motion for a new trial. Such being the case, a new trial will not be ordered. *Folden v. The State*, 13 Neb., 332. But for aught that appears in the record the jury did allow the counter-claim and thereby reduce the amount of recovery.

The record showing no prejudicial error, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.