E. W. JEFFRES v. E. F. CASHMAN ET AL.

FILED NOVEMBER 8, 1894. No. 5532.

**Review.** Where the errors assigned and argued here are that the trial court erred in giving and refusing to give certain instructions, and it appears from the evidence that the verdict returned by the jury and the judgment pronounced thereon by the district court are the only ones that could have been rightfully returned and pronounced; this court will not examine the errors assigned. *Everett v. Hobleman*, 15 Neb., 376, reaffirmed.

ERROR from the district court of Greeley county. Tried below before HARRISON, J.

*J. C. Heald, J. R. Swain*, and *G. C. Wright*, for plaintiff in error.

*T. J. Doyle* and *M. B. Gearon*, contra.

RAGAN, C.

This is an action of replevin for a span of mules, a wagon, and a set of double harness, brought in the district court of Greeley county by Elias W. Jeffres against E. F. Cashman. Cashman had a verdict and judgment, and Jeffres brings the case here for review.

The facts as disclosed by the bill of exceptions are: That Cashman bought this property from one Farrell and paid him for it, but he did not at once take the property from

Farrell's possession. A day or two after Cashman purchased the property one Gillespie, without the consent, knowledge, or permission of Cashman, obtained possession of this property, and mortgaged it to Jeffres to secure the payment of a promissory note which it appears Gillespie had given to Jeffres. Soon after this Cashman learned that Gillespie was in possession of the property and had mortgaged it to Jeffres, and he, Cashman, at once took the property from Gillespie, and thereupon Jeffres brought this action, claiming a special ownership of the property by reason of the chattel mortgage made by Gillespie.

The errors assigned and argued by counsel for plaintiff in error in their brief relate to instructions given and refused by the district court. We shall not consider these errors, nor any of them, because the verdict rendered by the jury and the judgment pronounced thereon by the district court are the only ones that could have been rightfully returned and rendered under the evidence in the case. The plaintiff in error could not possibly have been prejudiced by any instruction given or refused by the district court, and if the court erred in giving or refusing to give any instruction in the case, so far as the plaintiff in error is concerned, it was error without prejudice. Such error would offer no reason for reversing the judgment. (*Everett v. Hobleman*, 15 Neb., 376.) And a new trial will not be granted because the court erred in its instructions to the jury where the verdict returned and the judgment rendered are the only ones that could have been rightfully returned and rendered under the evidence. (*Mann v. Welton*, 21 Neb., 541.) Gillespie had neither title to, nor lien upon, this property, nor did he have any right to the possession of it, and hence he could convey no interest in this property or any lien thereon to Jeffres by the chattel mortgage. The judgment of the district court is

AFFIRMED.

HARRISON, J., not sitting.