H. G. VERNON V. UNION LIFE INSURANCE COMPANY OF OMAHA.

FILED APRIL 19, 1899. NO. 8876.

1. **Pleading: ELECTION BETWEEN DEFENSES: TIME.** A motion to compel a defendant to elect upon which of two inconsistent defenses he will proceed to trial comes too late after issue has been joined by filing a reply.

2. **Accord and Satisfaction: EVIDENCE.** Evidence examined, and *held* to conclusively establish the defense of accord and satisfaction.

3. **Review: HARMLESS ERROR.** Where the conclusion reached by the jury was the only one permissible under the pleadings and evidence, the judgment will be affirmed. In such case, errors occurring at the trial could not have been prejudicial.

ERROR from the district court of Adams county. Tried below before BEALL, J. *Affirmed.*

*John C. Stevens* and *Capps & Stevens,* for plaintiff in error.

*M. A. Hartigan* and *W. W. Morsman,* contra.

SULLIVAN, J.

This action was brought by H. G. Vernon against the Union Life Insurance Company to recover a balance alleged to be due upon a policy of life insurance. The petition states that in October, 1887, the defendant insured the life of James A. Vernon in the sum of $2,000; that the plaintiff was the beneficiary named in the contract; that the insured died on October 28, 1891; that the fact of death was proven in due time to the satisfaction of the company; that there was paid on the policy $1,566.11, and that there is a balance yet due of $433.89. The answer does not deny the issuance of the policy, the death of the insured, nor the payment to the plaintiff of $1,-566.11, but alleges as a defense that James A. Vernon represented in his application for insurance that he was only fifty-four years old when he was in fact fifty-six years old; that the assessment for death losses at the age of fifty-four was only $5.50, while the assessment for such losses at the age of fifty-six was $7.50; that the policy was issued on the faith of the representation aforesaid and in the belief that it was true, and that, the policy having been issued on a false basis, the beneficiary was justly entitled to receive thereon the sum of $1,-566.11, and no more; that the plaintiff having claimed the full sum of $2,000, there arose a controversy between the parties in regard to the amount due on the policy, and that such controversy was settled and compromised by the payment of $1,566.11. The defendant also pleaded a counter-claim, to which, in view of the verdict, it is

unnecessary to make extended reference. The reply concedes that there was a dispute touching the extent of the company's liability on the policy, but denies that there was any final adjustment of the matter. The jury found against the plaintiff on his cause of action and against the defendant on its counter-claim. Judgment was rendered on the verdict, and Vernon by this proceeding in error brings the record here for review.

The first error assigned relates to the action of the court denying an oral motion, made at the trial, by which it was sought to force the company to abandon one of its defenses, on the ground that they were inconsistent. The issues having been joined by replying to the answer, the motion came too late and was properly overruled. (14 Ency. Pl. & Pr. 103.)

The evidence offered by the defendant is to the effect that there was a compromise of the dispute referred to in the pleadings and that the sum of $1,566.11 was paid by it and received by the plaintiff in settlement and satisfaction of the amount due according to the terms of the policy. It also appears that the policy was surrendered by Mr. Vernon, who at the same time voluntarily made and delivered the following receipt:

"DONIPHAN, NEBRASKA, January 6, 1892.

"Received of the Union Life Ins. Co. fifteen hundred sixty-six and 11-100 dollars in full payment of all claims under policy No. 1679 issued by said Union Life Ins. Co. upon the life of James A. Vernon, who died October 28, 1891.                     H. G. VERNON."

It further appears from the record that James A. Vernon was sixty-one years of age at the time he was insured; that by reason of that fact he was not insurable in the defendant company; that plaintiff, who was a son of the insured, furnished the requisite proofs of his death, and in doing so made an affidavit in which he declared that his father was fifty-six years old when the policy was issued. To meet the evidence of the defendant on

the issue of accord and satisfaction the plaintiff produced no testimony but that of his brother, J. D. Vernon, who proved to be a shifty and unreliable witness. The substance of his material testimony is that he was present when the company paid his brother $1,566.11 on the policy in suit; that the company's representative then said that the plaintiff had fallen into an error in fixing his father's age at fifty-six years in the affidavit which he had made in furnishing proofs of death; that whenever this mistake should be corrected—whenever the plaintiff should make another affidavit declaring that he was not positive in regard to his father's age at the time the first affidavit was made—the company would pay the full sum for which the policy called. The entire testimony of this witness as to what the parties did may be compressed into one of his own sentences: "They settled on conditions that after H. G. Vernon's affidavit was made out different they would pay in full." Assuming that the jury might have accepted this extraordinary account of the transaction, would they have been warranted in returning a verdict for the plaintiff? Clearly not. Considered together the evidence of both parties conclusively shows that a settlement was made. This settlement, according to the testimony of J. D. Vernon, was revocable in a certain contingency; but that contingency has not yet arisen. The plaintiff has not yet corrected the erroneous statement contained in his affidavit, but has evidently elected to stand to and abide by it. The obvious truth is that there was a fair adjustment of the dispute between the parties, and that the defendant promised to pay the balance according to the terms of the policy in case it should be afterwards shown that the insured was only fifty-four years of age when the insurance was written. On the question of compromise there was no conflict in the evidence as to any material fact, and the verdict is therefore right whatever errors may have intervened at the trial. (*Babcock v. Purcupile*, 36 Neb. 417; *Jeffries v. Cashman*, 42 Neb. 594;

*Stratton v. Dole*, 45 Neb. 473.) The judgment is right and is

AFFIRMED.