JOHN S. LEWIS, APPELLANT, v. WATER AND LIGHT COMPANY OF NEBRASKA CITY, APPELLEE.

FILED NOVEMBER 19, 1908. No. 15,345.

Appeal: JUDGMENT: HARMLESS ERROR. "Where the conclusion reached by the jury was the only one permissible under the pleadings and evidence, the judgment will be affirmed. In such case, errors occurring at the trial could not have been prejudicial." *Vernon v. Union Life Ins. Co.*, 58 Neb. 494, and cases there cited.

APPEAL from the district court for Otoe county: PAUL JESSEN, JUDGE. *Affirmed.*

*A. P. Moran* and *O. G. Leidigh,* for appellant.

*Pitzer & Hayward, contra.*

FAWCETT, C.

Plaintiff alleges that defendant is a corporation for the furnishing of electricity to the citizens of Nebraska City; that on August 22, 1905, plaintiff was employed as a day-laborer for the King Drill Roofing Company; that on said day, in company with one of the managers or fore-men of said roofing company, he went to one of the build-ings of defendant for the purpose of repairing the roof of said building; that defendant in wiring said building had carelessly and negligently strung uninsulated conduit wires over and a short distance above the roof; that while engaged in his employment, and without negligence on his part, he came in contact with said wires; that said wires were highly charged electric conduit wires, of which fact plaintiff had no knowledge or warning; that, as the result of such contact with said wires, he received a shock which rendered him unconscious for a number of hours, disabled him from work for a considerable period of time, and left him permanently injured. The answer admits the corporate capacity of the defendant, the business in which it was engaged, its ownership of the building, and that plaintiff was employed as a day-laborer for the King Drill Roofing Company, but denies each and every other allegation in plaintiff's petition; and for a further de-fense pleads contributory negligence and carelessness of plaintiff and his fellow employees, and denies that there was any negligence on the part of defendant. The reply is a general denial of the plea of contributory negligence. The cause was tried to a jury, resulting in a verdict for defendant, upon which, after overruling plaintiff's mo-tion for new trial, the court entered judgment. Plaintiff appeals.

The principal errors complained of by plaintiff are that the court erred in admitting any testimony on the question of contributory negligence, and in submitting that question to the jury by its instructions; that the court gave too much prominence to the question of con-

tributory negligence in its instructions; that the court erred in submitting to the jury the question of assumption of risk, for the reason that the same had not been pleaded as a defense; that the court erred in admitting testimony as to the physical condition of plaintiff's brother; and that the verdict is not sustained by the evidence.

The undisputed evidence in the case shows that the two wires extending across one corner of the roof which plaintiff and his foreman were about to repair were not conduit wires, as alleged by plaintiff, but were simply wires used to operate a valve at the standpipe in case of fire, to open the valve or close it in case it was desired to get direct pressure for fire protection; that they had nothing to do with the power system of defendant; and that they carried about the same voltage as a door bell or telephone wire. This being true, there certainly was no negligence on defendants' part in not insulating those wires, nor was the defendant negligent in not cautioning plaintiff as to the wires when he was about to go upon their roof to repair the same. That defendant was not negligent in constructing the wires and stringing them across the roof in the manner shown must be conceded. When plaintiff and his foreman went to work that morning, they placed a ladder against the building, and the foreman climbed up the ladder onto the roof and passed under the wires in question. The wires at the point where the foreman went under them were about $2\frac{1}{2}$ or 3 feet above the roof. After he had gone upon the roof, the foreman called to the plaintiff to follow him. When plaintiff got upon the roof he stooped to pass under the wires as the foreman had done. The height from the roof to the wires was sufficient to enable a man by stooping low to walk under the wires. The foreman had already done so with safety. It was not necessary to crawl. While attempting to pass under the wires, plaintiff raised up too soon, and came in contact with the wires and received a shock which rendered him unconscious for several hours, and to some extent dis-

abled him.    It thus appears that the wires had in some
manner become charged with a heavy voltage.    Defendant
attempted to explain the cause of this sudden change of
conditions in the testimony by Mr. Egan, manager of de-
fendant company.    Mr. Egan testified that, as soon as
he heard of the accident, "we knew that there could be
no current in those wires to affect a man, and immedi-
ately I sent out a man to find out what the matter was,
and I found that those wires had been grounded by a piece
of baled hay wire with a piece of wood on it being thrown
or blown over it."    Again, in cross-examination he says:
"I knew perfectly well there should be a ground if those
wires were charged with electricity."    On cross-examina-
tion the witness stated that his knowledge of how the
"ground" occurred was from the report of the man that
he sent out to find what was the matter, and not from his
own knowledge.    He admitted that he knew where this
man was, viz., that he was working in a railroad camp in
Kansas.    All of this testimony was stricken out on plain-
tiff's motion, and the jury admonished to disregard it.    In
short, the case stands thus:    Plaintiff based his action
upon the charge of negligence on the part of defendant in
stringing uninsulated conduit wires across the building.
This allegation is denied, and the denial fully established
by the uncontradicted testimony in the record.    The bur-
den was upon the plaintiff primarily to show that the in-
jury he received was the result of negligence on the part
of the defendant.    This he has utterly failed to show.    It
is not shown, or attempted to be shown, that these harm-
less wires were strung in such close proximity to a heavy
voltage wire that defendant ought reasonably to have
anticipated the danger of their coming in contact, or of a
"ground" occurring which might charge the wires with a
heavy and dangerous voltage.    This burden rested upon
the plaintiff.    Having failed in these particulars, we are
compelled to hold that no negligence on the part of de-
fendant has been shown.    No error on the part of the court
in excluding evidence offered by plaintiff is alleged.    It

is clear, therefore, that the verdict returned by the jury was the only verdict which could properly be returned upon the evidence before it. The verdict is therefore right, whatever errors may have intervened at the trial. In such a case the rule in this state is settled: "Where the conclusion reached by the jury was the only one permissible under the pleadings and evidence, the judgment will be affirmed. In such case, errors occurring at the trial could not have been prejudicial." *Vernon v. Union Life Ins. Co.*, 58 Neb. 494, and cases there cited.

We recommend that the judgment of the district court be affirmed.

CALKINS and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.