### The County of Mills v. Hamaker.

1. JURISDICTION IN BASTARDY. In proceedings before a county court, to charge a defendant with the maintenance of an illegitimate child, under chapter 49 Code of 1851, the court, upon the filing of the complaint and issuing of the writ, acquires jurisdiction of the property of the defendant.

2. SAME: WHEN CAUSE SHOULD BE HEARD. A complaint for bastardy should be heard by the county court only in term time.

3. SAME. The county court is not a court of general jurisdiction; and when business requiring notice is transacted therein on a day not fixed by law as a day for a regular term, an appellate court will not presume that

it was heard at an adjourned term when that fact does not appear of record.

4. SAME: WAIVER. An appearance by the defendant, and a trial on the merits in a proceeding for the maintenance of an illegitimate child, before the county court in vacation, operates as a waiver of objections to the time of such trial.

5. AMOUNT OF JUDGMENT. The amount of judgment against a defendant in a proceeding for the maintenance of an illegitimate child, must depend upon the circumstances of each case; and such a judgment will not be reviewed by the Supreme Court when the evidence considered by the court below does not appear of record.

6. SAME. A judgment against a defendant in such a proceeding, requiring the payment of a certain sum annually, for a number of years named, and directing that in default of the payment of any of said installments, execution should issue, held irregular so far as it directed execution to be issued upon the deferred payments.

*Appeal from Montgomery District Court.*

THURSDAY, OCTOBER 18.

THIS was a proceeding before the county court of Mills county, to charge the defendant with the maintenance of an illegitimate child. The defendant appealed from the judgment of the county court to the District Court of Mills. The venue, upon the application of defendant, was changed from Mills to Montgomery county. Upon a trial by jury, the defendant was found guilty, and a judgment entered against him, from which this appeal is taken.

*A. H. Solomon* and *McHenrys* for the appellant.

*John A. Kasson* for the appellee.

BALDWIN, J.—The complaint against defendant was made to the county court of Mills county, upon the 14th day of September, 1859. A summons was issued thereon by the county judge, upon the day the complaint was filed, and made returnable upon the 23d of said month. Upon the return day thereof, the defendant appeared and moved the court to dismiss said cause, for the reason that it was a case

requiring notice and could be heard only at a regular session of the county court; and for the reason that the county court then in session had no jurisdiction to try said cause. This motion was overruled, and defendant excepted to the ruling of the court. The trial proceeded and the defendant demanded a jury, and upon trial was found guilty. The same motion was renewed by the defendant in the District Court, and was there overruled; and the defendant again demanded a trial by jury, and was again found guilty.

The first question presented, is, whether the county court had the right to hear and determine this cause at the time it did. Under section 848 of the Code, a complaint in a case of this kind must be made to the county court. The county court is considered in law as always open, but for the transaction of business requiring notice, the judge shall hold sessions on the first Monday of every month. Under the provisions of section 126, the county judge has power to hold his regular court upon such days as he may appoint. The day upon which this summons was made returnable, may have been a day appointed by the county judge for the holding of his monthly sessions. A county court, however, is not a court of general jurisdiction, and the same presumptions do not arise in favor of the legality of its proceedings, as in the proceedings of a court of general jurisdiction. In order to justify the appellate court in concluding that the 23d day of the month was a regular court day, it should have appeared of record that such day had been appointed by the county judge for that purpose.

Under the provisions of this chapter a complaint can 'be made at any time, as the county court is regarded as always open. The moment the complaint is made and the writ issues, a lien is thereby created upon any property of the person charged. This of itself, even without service of the writ, gives to the court jurisdiction over the property of the defendant.

The writ referred to in this chapter is in effect the same

as the original notice in an ordinary action. The defendant has the privilege of appearing and answering, or otherwise, as he may think proper. If this view of the law is correct, we conclude that this is one of that character of cases that can be heard only at a regular session of the court.

This motion, however, was made by the defendant, to dismiss the proceedings for want of jurisdiction. As before stated, by the issuance of the writ, the court obtained jurisdiction over the property of the defendant, and for this reason the motion could not have been sustained. Had the defendant failed to appear, or had he, at the return of the writ, moved to continue for hearing at a regular term of the county court, and the court had proceeded at the time it did, to hear and determine the cause in the absence of the defendant, or overruled the motion to continue, the assignments of appellant would have been well taken. The defendant however, waived his objection to this irregular proceeding, both before the county and District Court, by submitting to its ruling and going into trial upon the merits of the cause.

It is further claimed by the appellant that the judgment is excessive, and should be reversed for this cause. The evidence is not before us upon which the judgment was rendered, and without it we could not undertake to say that there is any error in this respect. The amount of such judgment should be based upon the circumstances that are connected with each case of this character. The health of the child and the mother, the wealth of the father, are each important matters to be considered by the court in making up its judgment. In the absence of any showing to the contrary, we are to presume that the court below acted with proper judgment in fixing this amount.

It is submitted by the appellant that the court erred in rendering judgment ordering the defendant to pay two hundred dollars a year for five years, and in default of such payment that execution should issue. We are inclined to

the opinion that the judgment in this respect is irregular. Section 855 provides that when the defendant is found guilty, the District Court shall require the defendant to enter into bonds to save the county from all charges and for the maintenance of the child and for the performance of the orders of the court. And execution may be ordered for costs or any sum to be paid immediately. The following section provides a remedy as against the defendant upon such bond, at the same time giving him the right to show why he should pay nothing farther. This, we consider, he should have the right to do. When there is an absolute judgment for the deferred payments and an execution ordered to issue in default thereof, the defendant could not make such showing until the judgment was set aside.

The judgment of the District Court is affirmed, excepting that portion which directs a judgment for the deferred payments. And the District Court is directed to modify the judgment so as to conform to this opinion of the court. The appellee to pay the costs of this appeal.