STATE OF MINNESOTA *vs.* GEORGE ZEITLER.

May 26, 1886.

**Bastardy — Purpose of Statute — Allowance for Past Maintenance.—**
The proceedings under the bastardy act, (Gen. St. 1878, c. 17,) where the complaint is made by the mother, are intended, not merely to indemnify the public against expenses incurred in such cases, but also for the protection and benefit of the mother; and where the defendant is found guilty, the court may make a reasonable allowance for the past as well as future support and maintenance of the child, including the lying-in expenses, to be paid the mother or for her use, (when not paid or incurred by the public.)

Appeal by defendant from a judgment of the district court for Goodhue county, *McCluer,* J., presiding.

*J. Bohmach, Jr.,* and *J. C. McClure,* for appellant.

*F. M. Wilson,* for the State.

VANDERBURGH, J. The complaint in this case was made by the mother of an alleged bastard child, against the defendant, charging him with being its father. Upon the trial in the district court, on the 12th day of November, 1885, the defendant was found guilty;

and the child, then but a few weeks old, died the next day after the trial. Upon the application for judgment, on the 16th day of December following, the court made an allowance of $100, to be paid by the defendant to the complainant for the expenses of her sickness, and the support of her child, and judgment was accordingly thereupon entered, adjudging the defendant to be the father of such child, and charging him with its maintenance; and ordering and adjudging that he should pay her the sum mentioned for her expenses attending the birth of the child, and for its support theretofore incurred.

Under Gen. St. 1878, *c.* 17, §§ 1, 3, 6, 11, it is apparent that the proceedings are intended, not merely to indemnify the public for expenses incurred in such cases, but also for the protection and benefit of the mother. *Baker* v. *State*, 65 Wis. 50, (26 N. W. Rep. 169.) In either case, the expenses of the mother's sickness, and for the support of his child, are proper charges, and the order for an allowance may include a provision for past as well as for future expenses for the support of the child. This is a fair and reasonable construction of the statute. The term "maintenance," as used in the sixth section, must be held to include necessary lying-in expenses. Upon the first impression, a different construction would perhaps be suggested; but, considering the several provisions of the statute together, and the object of it, we have no doubt that such expenses are proper charges for the court to consider and allow. *Judson* v. *Blanchard*, 4 Conn. 557, 566; *Speiger* v. *State*, 32 Wis. 400. Some courts hold otherwise, but the construction we have adopted is the most reasonable and satisfactory, and is well supported by authority.

As the child had died, the order for judgment for past expenses was sufficient, and we see no objection to the form of the judgment, it not appearing that any expenses were incurred by the county. Similar provisions in the Wisconsin statutes, prior to recent amendments, (Rev. 1858, *c.* 37,) have received a similar construction by the courts of that state. *Hoffman* v. *State*, 17 Wis. 596; *Jerdee* v. *State*, 36 Wis. 170; *Speiger* v. *State, supra; Baker* v. *State, supra; Smith* v. *Lint*, 37 Me. 546. The language of the court in *Hoffman* v. *State* is just and appropriate: "The maintenance of a child includes its entire maintenance from its birth onward. It was the design of the

statute to compel the father to bear this burden, not only for the protection of the public, but also for the protection and benefit of the mother, whom he had brought into a condition which, to a certain extent, drives her from society, and renders it difficult for her to support either herself or her child."

2. The record does not bring before us the evidence given at the trial, or before the court on the application for the allowance. There is no reference to the evidence upon which the order was founded, except that the bill of exceptions recites that "no testimony or evidence was offered or introduced in the cause showing, or tending to show, that the county of Goodhue had paid or incurred any sum or amount whatever for or on account of the lying-in expenses, or the care or maintenance of said child." For aught that appears, there may have been sufficient before the court to warrant the order as made, though no public expense had been incurred; and the amount allowed is apparently so reasonable and moderate as to leave very little reason for complaint.

Judgment affirmed.