MARVIN A. CLARK v. LIZZIE J. CAREY.

FILED SEPTEMBER 19, 1894. No. 5834.

1. **Prosecution for Bastardy:** VENUE. A prosecution for bastardy may be had in the county of the complainant's actual residence and in which the child in question is liable to become a public charge, notwithstanding the complainant may have a legal settlement in another county or state.

2. **Continuance:** RULING ON MOTIONS: REVIEW. Motions for continuance are addressed to the discretion of the trial court, and its orders in the allowing or refusing thereof will not be disturbed unless there appears to have been a clear abuse of discretion.

3. **Bastardy:** JUDGMENT FOR SUPPORT AND EDUCATION OF CHILD. It is not error in a prosecution for bastardy to order the accused, on conviction, to pay to the complainant a specific amount of money for the support and education of the illegitimate child.

4. ———: ———: DISCRETION OF COURT IN FIXING AMOUNT: REVIEW. Some discretion is allowed the trial court in fixing the amount in which the accused, upon conviction for bastardy, shall stand charged, and a judgment in such case will not on appeal be held to be excessive in the absence of a manifest abuse of discretion.

5. **Assignments of Error in Petition.** Errors of law, to be available in this court to the complaining party, must be specifically assigned in the petition in error.

ERROR from the district court of Douglas county. Tried below before DAVIS, J.

The facts are stated in the opinion.

*Schomp & Corson,* for plaintiff in error:

The justice of the peace had no jurisdiction to issue the warrant of arrest, and bind the defendant over to the district court. The proceedings before the justice were void. The complainant was not a resident of Douglas county. (Constitution of Nebraska, sec. 18, art. 6; Criminal Code, sec. 260; Code of Civil Procedure, secs. 904, 1103; Compiled Statutes, ch. 37, ch. 67, sec. 15; *Ingram v. State,* 24 Neb., 37; *Cottrell v. State,* 9 Neb., 125; *Forbes v. Forbes,* Kay [Eng.], 341; *White v. Tennant,* 12 Am. St. Rep. [W. Va.], 896; *Long v. Ryan,* 30 Gratt. [Va.], 718; *Charter Oak Bank v. Reed,* 45 Conn., 391.)

A minor cannot obtain a residence or domicile of her own. The complainant could not change her residence from the residence of her father in Thurston county, where it had been for seven years. (*Hiestand v. Kuns,* 46 Am. Dec. [Ind.], 481; *Warren v. Hofer,* 13 Ind., 169; *Allen v. Thomason,* 54 Am. Dec. [Tenn.], 56; *Blumenthal v. Tannenholz,* 31 N. J. Eq., 194; *De Jarnet v. Harper,* 45 Mo. App., 415; *Sharpe v. Crispin,* 1 L. R., P. & D. Div. [Eng.], 611.)

The court erred in overruling the motion for a continuance. (*Miller v. State,* 29 Neb., 437; *Gandy v. State,* 27 Neb., 707; *Johnson v. Dinsmore,* 11 Neb., 394, 395; *Singer Mfg. Co. v. McAllister,* 22 Neb., 359; *Ingalls v. Noble,* 14 Neb., 273; *Burrell v. State,* 25 Neb., 581; *Stevenson v. Sherwood,* 22 Ill., 238.)

The judgment is void, because it orders the money paid to a minor. (*Kleffel v. Bullock*, 8 Neb., 343.)

*Chas. Offutt* and *Charles S. Lobingier*, contra:

The justice of the peace before whom the complaint was made had jurisdiction of the subject-matter, and of the person of the plaintiff in error. (Consolidated Statutes, secs. 1977, 1979, 1984.) The statute is explicit on this point, and *Ingram v. State*, 24 Neb., 37, does not support plaintiff in error's contention, though the writer of the opinion in that case inadvertently used the word " county " instead of "state." But even conceding that the Douglas county justice of the peace had no jurisdiction, plaintiff in error waived that objection by making four motions for continuances, appearing and cross-examining witnesses, and otherwise invoking the powers of the court, than on the single question of jurisdiction. (*Porter v. Chicago & N. W. R. Co.*, 1 Neb., 14; *Cropsey v. Wiggenhorn*, 3 Neb., 108; *Crowell v. Galloway*, 3 Neb., 215.)

Even if complainant had been required to have been a resident of Douglas county, she fulfilled that requirement, since the testimony shows that her intention as to change of residence was fully within the rule of *Swaney v. Hutchins*, 13 Neb., 268. In plaintiff in error's argument on this point he confuses "residence" with " domicile;" the former is much the more temporary in its character. (*Mayor v. Genet*, 4 Hun [N. Y.], 487; *Foster v. Hall*, 4 Humph. [Tenn.], 346; *Long v. Ryan*, 30 Gratt. [Va.], 718; *In re Wrigley*, 8 Wend. [N. Y.], 140; *Briggs v. Inhabitants of Rochester*, 16 Gray [Mass.], 337; *Warren v. Thomaston*, 43 Me., 406; *Alston v. Newcomer*, 42 Miss., 187; *Risewick v. Davis*, 19 Md., 82; *Frost v. Brisbin*, 19 Wend. [N. Y.], 11; 5 Am. & Eng. Ency. Law, 858.)

Rulings on motions for continuances are discretionary with the trial court. (*McDonald v. McAllister*, 32 Neb., 517; *Singer Mfg. Co. v. McAllister*, 22 Neb., 359; *Ingalls*

*v. Noble,* 14 Neb., 273; *Burrell v. State,* 25 Neb., 581.) Plaintiff in error had already been allowed three continuances, and it was no abuse of discretion to deny the fourth. The rule that counter-affidavits should not be considered on a motion for continuance applies only to criminal cases and to matters which it is alleged will be proved by an absent witness. (*Williams v. State,* 6 Neb., 334.) It is well settled that the bastardy action is a civil one. (*Ingram v. State,* 24 Neb., 35.)

The statute (Con. Stats., sec. 1982) authorizes a judgment "in such a sum or sums as the court may order or direct," and the authorities give the trial court a wide discretion in fixing the amount. (*Jerdee v. State,* 36 Wis., 170; *County of Mills v. Hamaker,* 11 Ia., 209; *Goodwine v. State,* 31 N. E. Rep. [Ind.], 554; *State v. Zeitler,* 35 Minn., 238.) The action is designed not simply "to preserve harmless the county," but also for the protection and benefit of the mother. (*Hoffman v. State,* 17 Wis., 615; *Baker v. State,* 65 Wis., 50.) So, lying-in expenses are proper items of allowance (*Judson v. Blanchard,* 4 Conn., 566), even where the child dies early and the public has incurred no expense. (*Jerdee v. State,* 36 Wis., 170; *State v. Zeitler,* 35 Minn., 238; *State v. Eichmiller,* 35 Minn., 240.)

A judgment is not defective because rendered "in favor of a minor" (*Smith v. Redus,* 9 Ala., 99); and even if it were, the point was not raised either in the motion for a new trial or petition in error. The same is true of the objection that plaintiff in error was not required to renew his bonds. Moreover, this fact does not appear from the record, and it will be presumed that the proceedings were regular. (*Deroin v. Jennings,* 4 Neb., 100; *Buchanan v. Mallalieu,* 25 Neb., 201; *Becker v. Simonds,* 33 Neb., 685; *Garneau Cracker Co. v. Palmer,* 28 Neb., 307; *Hastings School District v. Caldwell,* 16 Neb., 68.) Even if there had been a failure to make such renewal, it would have been, at most, an irregularity, not only without prejudice to the plaintiff in

error, but actually to his advantage, and hence not ground for reversal. (*Dillon v. Russell*, 5 Neb., 484; *Pollard v. Turner*, 22 Neb., 366; *Western Horse & Cattle Ins. Co. v. Putnam*, 20 Neb., 331; *Hutchinson v. State*, 19 Neb., 262; *Village of Ponca v. Crawford*, 18 Neb., 557; *Deitrichs v. Lincoln & N. W. R. Co.*, 13 Neb., 361; *Gibson v. Sullivan*, 18 Neb., 558; *Chamberlain v. Brown*, 25 Neb., 434.)

POST, J.

This was a bastardy proceeding in the district court for Douglas county, in which the plaintiff in error was adjudged guilty, and which judgment he has brought into this court for review by petition in error.

The first error alleged is the overruling of his motion to dismiss for want of jurisdiction.    The complainant, a minor seventeen years of age, resided in Thurston county with her parents at the time the child in question was begotten. About three weeks previous to the filing of the complaint she left her home without the knowledge or consent of her parents, and went to the city of Omaha, in Douglas county. On the 20th day of November, 1891, she lodged a complaint with John S. Morrison, a justice of the peace for Douglas county, upon which the plaintiff in error was arrested.    On the 24th day of the same month a hearing was had before said justice, which resulted in an order requiring the accused to give bond for his appearance at the next term of the district court.    Soon thereafter the complainant was taken by her father to his home in Thurston county, where she remained until January 14, 1892.    On the day last named she returned to Omaha and took up her abode at the institution mentioned as the "Open Door," where she remained until the trial, on the 27th day of June following, and where her child was born on the 11th day of March. Her expenses at the "Open Door" were paid by her father; but on cross-examination she was asked, "Where do you

expect to go when the trial is over?" to which she answered, " I do not know where I shall go."

Upon this record it is contended that she was not a resident of Douglas county within the meaning of chapter 37, Compiled Statutes, entitled "Illegitimate Children," wherefore the action of the justice of the peace of said county was without jurisdiction and void. In that view we cannot concur. By section 1 of the chapter above named it is provided : "That on complaint made to any justice of the peace in this state by any unmarried woman resident therein, who shall hereafter be delivered of a bastard child, or being pregnant with a child which, if born alive, may be a bastard, accusing  *  *  *  any person of being the father of such child, the justice shall  *  *  *  issue his warrant, directed to the sheriff, coroner, or constable of any county of this state, commanding him forthwith to bring such accused person before said justice," etc. It will be observed that the jurisdiction thus conferred is not by any express provision restricted to justices of the peace for the county where the complainant resides, although it was intimated in *Ingram v. State*, 24 Neb., 37, that such limitation is to be implied from the language of the act. It has been frequently said by this court that this proceeding is in the nature of a civil action. By that is meant that many of the rules applicable to actions under the Code will be applied in prosecutions for bastardy. However, strictly speaking, it is a proceeding *sui generis;* that is, neither a civil action nor a criminal prosecution, within the statutory meaning of the terms. (*State v. Mushied*, 12 Wis., 561; *State v. Jager*, 19 Wis., 235; *Baker v. State*, 65 Wis., 50.) One of the principal objects of the proceeding is to secure the public against liability for the support of a child which is, or is liable to become, a public charge. It is clear that the term "resident" or "residence," as applied to the complainant, is not used in the sense in which it is employed in the Civil Code, but applies as well to the county in which

54

the mother of the child may actually reside, and which is
liable to be charged with its support, although she may in
fact have a home in another county or state; and while it
is not doubted that this proceeding may be prosecuted in
the county where the mother has a legal settlement, it may
also be brought and prosecuted to judgment in the county
of her actual residence.

2. It is next argued that the court erred in overruling
the motion of the accused for a continuance. The case
was noticed for trial at the May, 1891, term, being the
second term of the district court at which it stood for trial.
On the 14th day of May it was set for trial on the 25th day
of the same month. On the last named day the accused
asked for a continuance on account of the absence of mate-
rial witnesses, which was granted, and the cause continued
until June 14th, on which day it was again continued on his
motion until the 27th day of June; the ground of the last
continuance being his own illness. On the day last named
counsel for the accused moved for a further continuance on
the ground that he was unable to attend on account of sick-
ness, and that his presence and direction during the trial
was necessary to a successful defense, which motion was
overruled and the trial proceeded over their objection. In
the last motion no mention was made of absent witnesses,
and, according to his admission on a previous day, he had
failed to secure the evidence named in his first application
for continuance; nor was there any showing that the ac-
cused was a necessary witness in his own behalf. It is the
settled rule in this state that applications for a continuance
are addressed to the discretion of the trial court, and its
action in respect thereto will not be disturbed in the absence
of a clear abuse of discretion. It cannot in this instance
be said that the court erred in denying the application.
The facts disclosed by the record tend to cast suspicion
upon the good faith of the accused and his sincerity in
seeking a further continuance of the cause. Again, on the

Clark v. Carey.

hearing of the motion for a new trial affidavits were introduced tending to prove that he was not confined to his room on the day of the trial, as claimed by him, but was seen riding on horseback in apparent good health. The question of his ability to attend and participate in his defense was thus submitted to the district court and evidently resolved against him, a finding which we are not at liberty to disturb.

3. It is contended that the court erred in adjudging the accused to stand charged with the support of the child in a specified sum, to-wit, $2,112, payable to the complainant in installments of $12 on the first day of each month. It is argued in support of this assignment that the object of this proceeding is simply to keep harmless the county upon which the illegitimate child may become a charge; but our statute will not admit of such a construction. The language of section 6 of the act under consideration is "That in case the jury find the defendant guilty, or such accused person, before the trial, shall confess in court that the accusation is true, he shall be judged the reputed father of said child, and shall stand charged with the maintenance thereof in such a sum or sums as the court shall direct, * * * and the court shall require the reputed father to give security to perform the aforesaid order," etc.

4. It is argued also that the judgment is excessive, and therefore erroneous. The construction uniformly given to similar statutes is, that the trial court, in fixing the amount in which the accused shall be charged, may take into consideration such facts as the health of the child and mother, the ability of the latter to care for the child, and the physical and financial ability of the accused; and in no reported case has a judgment been reversed on account of the amount of the judgment unless there appeared to be an abuse of discretion. (See *Mills County v. Hamaker*, 11 Ia., 209; *Jerdee v. State*, 30 Wis., 170; *Goodwine v. State*, 31 N. E. Rep. [Ind.], 554; *State v. Zeitler*, 35 Minn., 238.)

As said in the last named case, no evidence seems to have been introduced bearing especially upon the subject of the amount of the judgment. We must presume the court acted according to its best information, from the facts proved at the trial and from all the circumstances surrounding the case. There being no apparent abuse of discretion, the amount fixed by the trial court is presumed to be reasonable and to present no ground for interference by us.

5. The judgment is assailed in the brief of counsel for the plaintiff in error on the ground that it directs payment to a minor. That is, in effect, an objection to the judgment on the ground that the plaintiff has not the legal capacity to sue, which in actions under the Code must be by demurrer or special plea in the nature of a plea in abatement. (Chitty, Pleading, 448, and note; *National Life Ins. Co. v. Robinson,* 8 Neb., 452.) It is not necessary to determine in this connection whether the strict rule of the Code is applicable to this proceeding. It is a sufficient answer to the present objection that it was not made in the trial court, nor even in the petition in error, but is presented for the first time in the argument of counsel. The objection is therefore without merit.

6. Exception was taken to the refusal of several instructions bearing upon the question of the complainant's residence. While some of them correctly state the law, they were refused, evidently on the ground that the prosecution was rightly commenced in Douglas county. As already stated, we concur in that view.

There is no error in the record and the judgment is

AFFIRMED.