### JOHN WURDEMAN V. ANNA SCHULTZ.

FILED APRIL 8, 1898.   No. 7967

1. **Instructions:** EVIDENCE.  If a fact is established by the evidence
   and uncontroverted, it is not reversible error for a trial court to
   so state or treat it in its instructions to a jury.

2. **Review:** CONFLICTING EVIDENCE.  The verdict of a jury upon con-
   flicting evidence will not be disturbed if there is sufficient evidence
   in support thereof.

3. **Bastardy:** AMOUNT OF JUDGMENT.  The amount which a party ad-
   judged guilty in a prosecution for bastardy shall be ordered or
   adjudged to pay is to some extent within the discretion of the
   trial court, and its judgment in such matter will not in error pro-
   ceedings be determined excessive unless there is apparent mani-
   fest abuse of discretion.   (*Clark v. Carey,* 41 Neb. 780.)

ERROR from the district court of Platte county.   Tried
below before SULLIVAN, J.   *Affirmed.*

*Albert & Reeder,* for plaintiff in error.

*Whitmoyer & Gondring, contra.*

HARRISON, C. J.

The plaintiff in error was charged in a complaint made
and filed with a justice of the peace in Platte county, by
one Anna Schultz, an unmarried woman, with the pa-

ternity of the child with which she was then pregnant. He was arrested, and as a result of the proceedings before the justice of the peace was recognized for appearance before the district court in and for said county to answer to the charge. As the outcome of a trial in the district court the plaintiff in error was by a jury determined guilty, and on April 27, 1895, by the judgment of the court ordered to pay to the mother, for the benefit of the child, the sum of $900 in installments at stated dates, that he give security therefor, and in default thereof be committed to jail.

In proceedings to this court it is urged for plaintiff in error that the trial court erred in several of the paragraphs of its charge to the jury in assuming as an established fact that the prosecutrix was pregnant at the time she filed the complaint with the justice of the peace. The fact to which reference was made was proven and not controverted, and it was not error for the trial court to so state it in the instructions. (*Gran v. Houston*, 45 Neb. 813; 2 Thompson, Trials sec. 2295.)

It is also argued that the evidence was insufficient to sustain the verdict. On this point it may be said that a careful reading of the evidence discloses a direct conflict therein relative to the main issuable facts, and such conditions that had the jury returned a verdict favorable to the plaintiff in error it could not have been said to be unsupported by sufficient of the evidence; but on the other hand it was shown that the complainant gave birth to an illegitimate child at a stated date, and there was sufficient evidence of sexual intercourse with the mother by plaintiff in error at such times as, combined with the other facts and circumstances of evidence, to give support to a verdict which asserted and fixed his fatherhood of the child of the complainant. This being true, the verdict cannot be successfully assailed as unsupported by the evidence.

It is also contended that the judgment is excessive. As we have before stated, it was in the aggregate for

$900, and its payment was to be made in installments as follows: "$100 each year for the next three years, $75 for the next six years following, and $50 each year thereafter for the next three years, each of said payments to be made quarterly in advance, in four equal installments each year, commencing on the 1st day of May, 1895." On the subject of the proper amount of the judgment there was little if any, direct evidence. It appeared that the plaintiff in error was twenty-seven years of age, was a farmer by occupation, and was living with his father on what was known as the "home farm." It was stated by this court in the case of *Clark v. Carey*, 41 Neb. 780, in an opinion written by Post, J.: "It is argued also that the judgment is excessive, and therefore erroneous. The construction uniformly given to similar statutes is that the trial court, in fixing the amount in which the accused shall be charged, may take into consideration such facts as the health of the child and mother, the ability of the latter to care for the child, and the physical and financial ability of the accused; and in no reported case has a judgment been reversed on account of the amount of the judgment unless there appeared to be an abuse of discretion. (See *Mills County v. Hamaker*, 11 Ia. 209; *Jerdee v. State*, 30 Wis. 170; *Goodwine v. State*, 31 N. E. Rep. [Ind.] 554; *State v. Zeitler*, 35 Minn. 238.) As said in the last named case, no evidence seems to have been introduced bearing especially upon the subject of the amount of the judgment. We must presume the court acted according to its best information, from the facts proved at the trial and from all the circumstances surrounding the case. There being no apparent abuse of discretion, the amount fixed by the trial court is presumed to be reasonable and to present no ground for interference by us." The amount which the party charged in that case was ordered to pay was $2,112, in installments of $12, payable on the first day of each month. Within the doctrine then announced the judgment in the case at bar must as to the point under consideration be upheld.

We have discussed and decided all the questions urged in behalf of plaintiff in error, and it follows from the conclusions reached that the judgment will be

AFFIRMED.

SULLIVAN, J., not sitting.