GEORGE GATZEMEYER V. DOVEY PETERSON.

FILED APRIL 30, 1903. No. 12,778.

1. **Statute Constitutional.** Chapter 37, Compiled Statutes, *held* constitutional and valid.

2. **Continuance.** If sufficient time is given from denial of a motion for a continuance, sought in order to obtain a deposition, to enable it to be taken under ordinary circumstances, and from the showing made upon the motion there is no ground to believe it can be procured in any reasonable time if not in that allowed, it is not error to deny the continuance.

3. **Cross-Examination:** DISCRETION OF THE COURT. The trial court has a certain discretion in determining the limits of cross-examination, and reasonable limitation with respect to matters not necessarily material, in the exercise of such discretion, is not erroneous.

4. **Bastardy:** ADMISSION. An offer by the defendant in bastardy proceedings to take the prosecutrix away to a physician for the purpose of getting rid of the child is not an offer of compromise, and may be shown as an admission.

5. **Instructions:** VERDICT. Errors in giving and refusing instructions are not prejudicial and need not be reviewed where the verdict rendered is required by the evidence.

6. ———: TESTIMONY OF PROSECUTRIX. An instruction that the unsupported testimony of the prosecutrix should be received with cau-

tion and weighed carefully, on the theory that she should be regarded as an accomplice, is properly refused; her interest in the event of the case may be considered, but the instruction should go no further.

7. **Amount of Award: DISCRETION OF THE COURT.** The amount which a defendant in bastardy proceedings shall be adjudged to pay is largely in the discretion of the district court, and its award will not be disturbed unless manifestly excessive.

ERROR to the district court for Cuming county: GUY T. GRAVES, DISTRICT JUDGE. *Affirmed.*

*Ira Thomas* and *W. W. Sinclair,* for plaintiff in error.

*O. C. Anderson* and *Harry F. Keefe, contra.*

POUND, C.

Although the numerous points urged upon our attention present nothing which has not been passed upon in this court more than once in like cases, the diligence and ingenuity of counsel in endeavoring to give some of them new phases, or put them in new lights, require us to pass upon them in some detail. The points going to the merits relate to the constitutionality of the bastardy law, under which this proceeding is prosecuted, and the sufficiency of the evidence to support the verdict. Every possible objection to the constitutionality of the statute has been presented in prior cases. *Ex parte Donahoe,* 24 Neb. 66; *Stoppert v. Nierle,* 45 Neb. 105. See, also, *In re Walker,* 61 Neb. 803. Moreover, the construction of the statute upon which counsel base their argument in large part was rejected in *State v. McBride,* 64 Neb. 547. As to the sufficiency of the evidence, we need only say that to our minds the verdict is not only supported by the evidence, but is clearly right. Bearing in mind that the defendant did not see fit to testify, which is a matter proper to be considered in such cases (*Ingram v. State,* 24 Neb. 33), we do not see how any other conclusion could have been reached.

Most of the other errors assigned, have to do with mat-

ters of procedure and rulings at the trial. At the opening
of the term of court the defendant moved for a continuance
in order to enable him to procure the testimony of a wit-
ness. It appears that he had made an attempt to secure
the deposition of this witness and had not succeeded, owing
to failure of the witness to attend at a time and place
agreed on for that purpose. Defendant testified that he
was informed the witness had left for some temporary pur-
pose, and that his exact whereabouts could not be learned.
The motion was overruled on September 12, and the cause
was thereupon passed to the foot of the docket, and not
called for trial until September 24. If the absence was
temporary only, this postponement ought to have enabled
the defendant to locate the witness and take his deposition,
since he was known to be somewhere in a particular portion
of a neighboring state. If he could not be reached in that
time, there was very little likelihood that his testimony
could be had at all in any reasonable time, and the affidavit
filed shows no reason for thinking the contrary. Under
such circumstances, it was not error to deny the con-
tinuance. *McClelland v. Scroggin,* 48 Neb. 141.

Several rulings upon the admission of evidence are com-
plained of. The prosecutrix testified, and it was not de-
nied, that she and the defendant were engaged to be mar-
ried. It appears from her testimony and that of other
witnesses that, except while the defendant was away at
school, he had been calling upon her, taking her out riding,
and going with her to dances and other entertainments,
with more or less regularity during two years. Her rela-
tions with him for some four months of this period are
testified to positively, circumstantially and repeatedly by
the prosecutrix, and not denied by the defendant. The
latter, relying on the expert evidence of a physician as to
the probable date of conception, attempted to show an
alibi as to certain particular occasions, without taking the
stand himself. It is admitted, substantially, that the state-
ments of the prosecutrix are true, except as to these partic-
ular occasions. On cross-examination she was asked if she

was not "keeping company" with another man also at that time. We can not say that the court committed prejudicial error in excluding this and like questions. The defendant was allowed to show fully all the facts as to her conduct with other men, and seems to have established everything that was to be shown. So long as the existence of improper relations between the prosecutrix and defendant is clearly established, and the evidence as to her conduct with others goes no further than to suggest some possible grounds for suspicion, we do not think the case comes within the facts of *Burris v. Court,* 34 Neb. 187. There the trial court excluded evidence of other witnesses tending strongly to show improper relations with third parties. Here it went no further than to limit cross-examination as to a point not necessarily material. This was a proper exercise of the discretion which exists in such cases. *Missouri P. R. Co. v. Fox,* 60 Neb. 531; *Stough v. Ogden,* 49 Neb. 291.

Other assignments of error relate to the admission of evidence as to an alleged offer to compromise. If the circumstances testified to amounted fairly to an attempt at compromise, counsel's points might be well taken. But we think they must be considered as admissions on the part of the defendant, and were provable as such. In *Robb v. Hewitt,* 39 Neb. 217, this court held that "an offer made by the defendant to the father of the prosecutrix to contribute money for the purpose of 'sending the prosecutrix away' is not an offer to compromise, and is admissible in evidence." In the case at bar it is shown that the defendant, when the prosecutrix became pregnant, and he was asked to marry her, pursuant to his promise, offered to take her to a physician in Omaha for the purpose of "getting rid" of the child. The evidence was received properly.

A large number of errors are assigned upon the charge of the court and its rulings on requests for instruction. We are of opinion that we need not consider them in view of the conclusion we have reached upon the evidence. *Jeffres v. Cashman,* 42 Neb. 594. But we have examined the instructions given and refused, and think the objections

urged are hypercritical, and that nothing prejudicial has been shown. Among the requests refused was one based upon the theory that the prosecutrix was to be regarded as an accomplice in weighing her evidence, and that her statements were to be received with caution, and weighed carefully. We know of no warrant for such an instruction. Her unsupported evidence would have sustained a conviction. *Olson v. Peterson,* 33 Neb. 358, 360; *Robb v. Hewitt,* 39 Neb. 217. An instruction that her interest in the event of the case might be considered was all that the defendant was entitled to.

Finally, it is urged that the award made by the court is excessive. The amount of the judgment in such cases is largely in the discretion of the district court, and will not be reduced unless such discretion has been manifestly abused. *Clark v. Carey,* 41 Neb. 780; *Wurdeman v. Schultz,* 54 Neb. 404. That court has a clear advantage over this one in that it sees the parties, and is able to form a better opinion as to their circumstances, and the expense of suitably maintaining the child in view thereof. In the case at bar, we see no reason to think that any wrong has been done.

It is therefore recommended that the judgment be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.