ALFRED M. LONGMAN, RECEIVER, APPELLANT, V.
JOHN U. POPE, APPELLEE.

FILED MARCH 22, 1924.   No. 22687.

1.  **Appeal: REVIEW.** A litigant cannot complain of an error which he himself invites. Where a party requests a trial court to give instructions framed upon a certain theory, he cannot thereafter be heard to complain that the court gave other instructions proceeding upon the same theory.

2.  **Witnesses: CROSS-EXAMINATION.** "The trial court has a certain discretion in determining the limits of cross-examination, and reasonable limitation with respect to matters not necessarily material, in the exercise of such discretion, is not erroneous." *Gatzemeyer v. Peterson,* 68 Neb. 832.

3.  **Evidence:** examined, and *held* sufficient to sustain verdict.

APPEAL from the district court for Sarpy county: JAMES T. BEGLEY, JUDGE.  *Affirmed.*

*Peterson & Devoe* and *William R. Patrick,* for appellant.

*Byron Clark, H. E. Kuppinger* and *T. J. McGuire, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and GOOD, JJ., ELDRED, District Judge.

ELDRED, District Judge.

The Farmers State Bank of Springfield sued John U. Pope on a note of $3,000 alleged to have been executed November 21, 1919, by the defendant, payable to himself, due in one year, and which it is alleged he, on the same day, for a valuable consideration, indorsed and delivered to Bankers Brokerage Company, of Lincoln, Nebraska. The petition further alleges:

Longman v. Pope.

"Thereafter and before maturity thereof, the plaintiff, for a valuable consideration and in the regular course of business, purchased said promissory note from said Bankers Brokerage Company, without notice or knowledge of any existing equities, defenses or infirmities in said paper, and is now the owner and holder thereof."

The answer is a general denial. There was a verdict and judgment for the defendant. The plaintiff appeals.

The first assignment of error relates to the sufficiency of the evidence to support the judgment, which will be referred to later. By assignments 2 and 3 errors are charged in giving to the jury instructions Nos. 3 and 4. Instruction No. 3 quotes section 4663, Comp. St. 1922, and adds the following:

"In this connection you are instructed that the positive statements of the plaintiff's officers as to their actions in purchasing the note in question are not necessarily to be taken as conclusive by the jury, but you should consider all of the circumstances and facts known and given in evidence and determine from all the facts and circumstances surrounding the alleged purchase, together with statements of the plaintiff as to whether or not plaintiff is such *bona fide* purchaser."

This instruction is in harmony with the rule announced in *Nebraska State Bank v. Walker, ante, p.* 203. But it is strongly urged that the question of good faith in the transfer, under the pleadings, was not a material issue. Had not the plaintiff itself by its petition, by the evidence it offered, and the instructions it tendered, made it an issue, there would have been merit in the criticism made. The plaintiff by its petition made that question an issue. Evidence as to the good faith of this transfer was first offered by the plaintiff on direct examination of its first witness; the issue was insisted upon by the plaintiff at the close of the evidence, by requesting instructions to the jury. The plaintiff requested five instructions, and three of them embody the proposition of the good faith of the plaintiff's purchase. The instruction complained of

presented to the jury an issue and proposition first injected and brought into the action by the plaintiff itself. The case having been tried and submitted on plaintiff's own theory, it cannot now successfully contend that the issue submitted was immaterial. If the instruction was erroneous, on account of embodying an immaterial issue, it was an invited error of which plaintiff cannot complain. *Schrandt v. Young,* 62 Neb. 254.

Complaint is made of the use of the word "known" in instruction No. 3, in the clause "circumstances and facts known and given in evidence;" but we think the clause is not vulnerable to the criticism made. A fair construction of the clause implies that the circumstances and facts referred to must be known, not from some outside source, but those "known and given in evidence."

Instruction No. 4 quotes section 4634, Comp. St. 1922, and further advises the jury, in substance, that, if the plaintiff failed to prove by a preponderance of the evidence that the defendant signed the note sued upon, the plaintiff could not recover, even if they found the plaintiff was an innocent holder of the note in due course. The complaint of this instruction by the appellee is that it submitted to the jury the question of whether the plaintiff was the holder in due course of the note in controversy, and thereby sought to impress upon the minds of the jury that the issue was controverted, or at least that there was sufficient evidence to justify the finding adverse to the plaintiff in relation thereto. We cannot adopt this view. The defense in this case was forgery. The plaintiff having pleaded that it was a holder in due course, and having offered evidence in support of such allegation, the instruction was a correct statement of the law, and under the circumstances in this case, evidence of good faith having been offered, was properly given to the jury. Had this or some similar instruction not been given, the jury might readily have reached the wrong conclusion as to the rights of a holder in due course of a forged note.

By instruction No. 2, requested by the plaintiff and re-

fused by the court, the court was requested, in substance, to advise the jury that the undisputed evidence established that the plaintiff was the holder of the note in question in due course of business. Such an instruction, under the facts in this case, might have been misleading to the jury, and was properly refused.

Instruction No. 3, requested by the defendant, was as follows: "You are instructed that the instrument upon which this suit is brought is a negotiable promissory note, payable to bearer and transferable by delivery without further indorsements." The note in suit was not payable to bearer, unless the name of John U. Pope, indorsed thereon, was his genuine signature. In the form presented the request was properly refused. Before the note in question could have been treated as a note payable to bearer, the jury must have first found that the indorsement of the name of John U. Pope thereon was genuine.

Instructions 4 and 5, requested by plaintiff, covered the proposition as to what constitutes a good faith purchaser. While correct as abstract statements of law, they refer to the same subject covered by instruction No. 3, given to the jury, which the plaintiff now insists was an immaterial matter. Had they been given, it would have emphasized any possible error in instruction No. 3, given by the court. Their refusal was not prejudicial.

Complaint is made of the ruling of the court in sustaining objections to certain questions on cross-examination of plaintiff as to the genuineness of the signature on a document not involved in this case, except as it was desired for comparison. Witness had not admitted the signature on the instrument inquired about.

Complaint is also made of rulings of the court in excluding questions on cross-examination of the witness Holbrook, who was called as an expert on handwriting. The questions went to previous experience and qualifications of the witness. The cross-examination of both of these witnesses was liberal; in fact, quite extended. The extent to which cross-examination may be extended as to matters

not necessarily material is largely within the discretion of the trial court. *Gatzemeyer v. Peterson,* 68 Neb. 832.

The remaining assignments of error go to the sufficiency of the evidence to sustain the verdict and judgment. Some days prior to the transaction in question the defendant had bought stock in the Bankers Fire Insurance Company to the amount of $1,000. It appears that, on the date the note in controversy is alleged to have been given, a stock salesman by the name of Earl Saxe, representing the Bankers Brokerage Company, and a companion by the name of Louis Bates called upon the defendant and desired to sell him an additional $5,000 worth of stock in the Bankers Fire Insurance Company, but he told them he did not want to buy; that Saxe stated to the defendant that, if he would take that $5,000 worth, no note was desired and no interest, only sign an application, and he would resell it in 90 days, just hold it for him, and if he did not resell it, he would buy it. The transaction took place in the home of the defendant. There were present Saxe, Bates, the defendant, and his family. The defendant denies that he signed the note sued upon, but claims that he signed an application for stock on that date, the application being on white paper. Defendant's statements as to what was said by Saxe, and what transpired at the time in question, and the color of the paper signed, is corroborated by John Pope, a son, and Miss E. Pope, a daughter. His statement that he signed the application for stock is also corroborated by the fact that a receipt offered in evidence was sent from Lincoln on November 22, acknowledging the receipt of the application for stock. Bates testified, with reference to the alleged signing, that at that time they passed to the other side of the room, and he acted as though he was going to sign, and Saxe took from his pocket two blue papers, and he saw Pope write his name there, but they were off quite a distance when he was writing. He did not testify that he saw Pope write his name upon the particular document in suit. It is significant that Earl Saxe was not produced as a witness to the alleged execution of the note.

There was also evidence of the president of the plaintiff bank and two other witnesses on behalf of the plaintiff, and one on behalf of the defendant, who testified as experts as to the handwriting on the note in controversy. After careful examination of the record in this case, we conclude that there was ample evidence before the jury to justify the verdict rendered. The verdict having been rendered upon a disputed question of fact, on conflicting evidence, it should not be disturbed.

AFFIRMED.