WANDA RACE, APPELLEE, v. FRANK MRSNY, APPELLANT.

53 N. W. 2d 88

Filed April 25, 1952. No. 33157.

*Bernard A. Ptak,* for appellant.

*Hutton & Mueting,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellee, an unmarried woman, gave birth to a child. Appellant was, in proceedings had by virtue of the statute relating to children born out of wedlock, found and adjudged to be the father of the child. Chapter 13, R. S. 1943. The trial court held a hearing, as the statute permits, to ascertain the facts from which to determine the amount appellant should be required to pay for the support of the child. The determination

and order were that appellant should pay to the clerk of the district court, on account of expenses incurred incident to its birth, the sum of $140.78, and for its support the sum of $4,320, or a total amount of $4,460.78. The amount was adjudged to become due and to be paid in installments of $20 each, the first on October 17, 1951, the second on November 1, 1951, and $20 on the first day of each month thereafter. The motion of appellant for a new trial was denied and an appeal taken by him to test the correctness of the order fixing the amount to be paid.

The court ordered appellant to pay "$140.78, for laying in expenses." He challenges this as not supported by evidence and contrary to law. The record sustains appellant. There is no evidence of any expense incurred or paid.

Appellant complains that the award made for the support of the child is excessive. The amount is $20 a month for 18 years. Appellant was employed as a truck driver for a net weekly wage of $43.02 or about $185 a month. There is no indication that he is not in good health and capable, or that his employment is not permanent. The primary objective of this proceeding is to secure the support and education of the child. Appellant emphasizes that he owes debts. This fact may properly be considered but his debt-paying record or capability is not a criterion by which the amount for the benefit of the child shall be determined. The most important and pertinent facts are the value of the property and the earning ability of the father. The child is entitled to support and education according to the standards and requirements of ordinary living in the community in which he is to be cared for and trained. A child handicapped socially and in other relations and activities by the stigma of parents without marriage ought not to be unduly restricted in its standard of living or education. It has a legal right to the benefits of ordinary care and training such as other children

usually receive to prepare and qualify them to meet the requirements of life. It is the responsibility and duty of appellant to provide these for his child. The amount which appellant should be adjudged to pay is committed by law to the discretion of the district court. Its award may not be disturbed unless discretion has been abused and the amount fixed is manifestly excessive. § 13-106, R. S. 1943; Clark v. Carey, 41 Neb. 780, 60 N. W. 78; Wurdeman v. Schultz, 54 Neb. 404, 74 N. W. 951; Gatzemeyer v. Peterson, 68 Neb. 832, 94 N. W. 974; Labertew v. Weeks, 111 Neb. 712, 197 N. W. 420.

The amount of an award in a case of this character should be in harmony with the circumstances shown by the proof giving due consideration to the means of the father, his ability to earn money, the means of the mother, her loss of opportunity to engage in income-producing activities because of the necessity of her attention to the child, and the health and condition of both parents.

The court after the adjudication of the paternity of the accused pursued the proper procedure. In every case of this nature the court after an adjudication that the accused is the father of the child should take evidence of the health, condition, property, and ability of the putative father to earn money; the health, condition, and means of the mother of the child; and all other pertinent facts and upon consideration thereof fix such amount as under all the circumstances is fair and just.

Discretion was not disregarded or misused in this case to the prejudice of appellant.

The judgment of the district court should be and it is reduced in the sum of $140.78 allowed for "laying in expenses." It should be and is in all other respects affirmed. The costs in this court should be and they are taxed to appellant.

AFFIRMED AS MODIFIED.