STATE OF NEBRASKA EX REL. LUCILLE STOBEL, APPELLEE, V.
GLEN STANEK, APPELLANT.

125 N. W. 2d 107

Filed December 13, 1963.   No. 35508.

W. H. Kirwin, for appellant.

Robert M. Harris, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

Defendant was found to be the father of a female child born to the plaintiff out of wedlock. The trial court entered a judgment for plaintiff for the lying-in hospital expenses of plaintiff in the amount of $319.65 to be paid within 60 days, awarded $60 per month for the support of the child until she becomes 18 years of age, or sooner marries or dies, and entered judgment for the costs of this action. The defendant has appealed.

The only assignment of error is to the amount of the judgment and the method and manner of its payment. The evidence shows that plaintiff and defendant were 18 years of age. Neither had any financial resources. Defendant had earned some money as a part-time worker in the past in the performance of common labor. He remained in school and has been unable to find part-time employment that would fit in with his school work. Both parties and the child are in good health. The evidence of the cost of supporting the child is fragmentary.

The liability of the parents of a child born out of wed-

lock is fixed by section 13-102, R. R. S. 1943. It provides that such liability of the father to support the child shall be the same as that of the father of a child born in lawful wedlock. This court has said: "The construction uniformly given to similar statutes is, that the trial court, in fixing the amount in which the accused shall be charged, may take into consideration such facts as the health of the child and mother, the ability of the latter to care for the child, and the physical and financial ability of the accused; and in no reported case has a judgment been reversed on account of the amount of the judgment unless there appeared to be an abuse of discretion. * * * As said in the last named case (State v. Zeitler, 35 Minn. 238, 28 N. W. 501), no evidence seems to have been introduced bearing especially upon the subject of the amount of the judgment. We must presume the court acted according to its best information, from the facts proved at the trial and from all the circumstances surrounding the case. There being no apparent abuse of discretion, the amount fixed by the trial court is presumed to be reasonable and to present no ground for interference by us." Clark v. Carey, 41 Neb. 780, 60 N. W. 78.

In Gatzmeyer v. Peterson, 68 Neb. 832, 94 N. W. 974, this court said: "Finally, it is urged that the award made by the court is excessive. The amount of the judgment in such cases is largely in the discretion of the district court, and will not be reduced unless such discretion has been manifestly abused. * * * That court has a clear advantage over this one in that it sees the parties, and is able to form a better opinion as to their circumstances, and the expense of suitably maintaining the child in view thereof. In the case at bar, we see no reason to think that any wrong has been done." See, also, Race v. Mrsny, 155 Neb. 679, 53 N. W. 2d 88.

The evidence does not indicate any abuse of discretion in fixing the amount of the judgment and the manner and method of its payment. We therefore affirm the

judgment of the district court. The costs of the appeal are taxed to the defendant.

AFFIRMED.