STATE OF NEBRASKA EX REL. DENISE BAUERSACHS, APPELLEE, V. DAVID WILLIAMS, APPELLANT.

340 N.W.2d 431

Filed November 28, 1983. No. 82-834.

Thomas J. Garvey of Hascall, Jungers & Garvey, for appellant.

Michael J. Pace, Deputy Sarpy County Attorney, for appellee.

BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

SHANAHAN, J.

Denise Bauersachs (Denise) commenced filiation proceedings against David Williams (Williams) pursuant to Neb. Rev. Stat. §§ 13-101 et seq. (Reissue 1977). From a judgment of paternity and an order

for support of the child, Williams appeals. We affirm in part, and in part reverse and remand for further proceedings.

Denise filed her petition in the District Court for Sarpy County, Nebraska, and alleged that Williams was the father of her child born on October 13, 1980, as defined by §§ 13-101 et seq. Williams entered a "voluntary appearance" in the proceedings. In his amended answer Williams denied the allegations of Denise's petition.

At trial Denise testified that from December 1979 to February 1980 she had dated only Williams and had intercourse with none but Williams during that time. A witness corroborated that Denise had dated only Williams. In her testimony Denise expressed an opinion that Williams was the father of the child and, further, stated that no other person could be the father of the child. When Denise informed Williams that she was pregnant, Williams offered her $300 and told her to get an abortion. A report received regarding results of paternity testing contained: "99.73% of the male population has been excluded by this testing. Mr. Williams has odds of 273 to one in favor of being the biological father [of the child]. This is a probability of paternity of 99.63%."

At commencement of the proceedings Denise and her child resided in Douglas County, Nebraska, in "subsidized housing." Denise was receiving assistance, namely, "ADC," from Sarpy County, Nebraska.

After Denise concluded her evidence, Williams rested his case.

Williams moved for dismissal of the proceedings "for lack of venue," and directed the court's attention to § 13-111, "A civil proceeding to establish the paternity of a child may be instituted in any district court of the district where the child is domiciled or found . . . ."

The court overruled Williams' motion to dismiss, entered judgment of paternity regarding Williams

and the child, and ordered Williams to pay $100 per month as support for the child.

Williams assigns three errors, namely, (1) the trial court did not have jurisdiction to enter any judgment in the proceedings, (2) the evidence was insufficient to establish paternity, and (3) there should have been an evidentiary hearing on the amount of support for the child.

" 'Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong; the power to deal with the general subject involved in the action; and means not simply jurisdiction of the particular case then occupying the attention of the court but jurisdiction of the class of cases to which the particular case belongs, the authority to hear and determine both the class of actions to which the action before the court belongs and the particular question which it assumes to determine.' " *Lewin v. Lewin*, 174 Neb. 596, 599-600, 119 N.W.2d 96, 99 (1962), citing 21 C.J.S. *Courts* § 23 (1940).

Jurisdiction is the inherent power or authority to decide a case; venue is the place of trial of an action —the site where the power to adjudicate is to be exercised. See, *Iselin v. La Coste*, 147 F.2d 791 (5th Cir. 1945); *Arganbright v. Good*, 46 Cal. App. 2d 877, 116 P.2d 186 (1941); *Stanton Trust & Savings Bk. v. Johnson*, 104 Mont. 235, 65 P.2d 1188 (1937).

Williams' question concerning the proceedings relates to venue and not to jurisdiction in the strict sense of the term. District Courts in Nebraska have general jurisdiction regarding filiation proceedings under the provisions of §§ 13-101 et seq. The trial court had jurisdiction to adjudicate Williams' paternity of Denise's child. After commencement of the action in Sarpy County, Williams did not request transfer of the proceedings as provided by Neb. Rev. Stat. § 25-409 (Reissue 1979). Williams did not object to venue until conclusion of the evidence at trial. Unless prohibited by a venue statute, a defendant

can waive the personal privilege to be sued in a particular county. See 92 C.J.S. *Venue* § 77 (1955). In the absence of the appropriate objection to venue or the timely motion to transfer the proceedings, Williams cannot now question venue of the proceedings in Sarpy County.

Williams claims that his paternity of the child is not supported by the evidence. There is ample evidence about Denise's association and intercourse with Williams. The results of the testing for paternity and the information contained in the laboratory report also support the finding of paternity. Only a preponderance of evidence was necessary to sustain the finding and judgment that Williams is the father of Denise's child. See, *Gregory v. Davis*, 214 Neb. 408, 334 N.W.2d 1 (1983); *Snay v. Snarr*, 195 Neb. 375, 238 N.W.2d 234 (1976). Such evidence is present in this case.

An award of child support will not be disturbed unless a trial court has abused discretion regarding the amount ordered. See *Race v. Mrsny*, 155 Neb. 679, 53 N.W.2d 88 (1952). After an adjudication establishing paternity the trial court should take evidence concerning the health, condition, property, and ability of the father to earn money; the health, condition, and means of the mother of the child; and all other pertinent facts bearing upon suitable support for the child. See *Race v. Mrsny, supra.* In this case, when the evidence concerning paternity had been concluded, the trial court proceeded to enter judgments regarding paternity *and* child support. The record in this case contains no evidence concerning the factors which bear upon an appropriate amount of child support to be ordered in conjunction with filiation proceedings. Under the circumstances the trial court abused discretion in its order pertaining to child support. We note that the proceedings were under the auspices of Sarpy County, in view of the county's assistance to Denise. Although Sarpy County was apparently satisfied with the child sup-

port ordered, we remind the county that the amount of child support is not necessarily determined in reference to the assistance being supplied by the county, but must be an amount of support which "under all the circumstances is fair and just." See *Race v. Mrsny, supra* at 681, 53 N.W.2d at 90.

For the reasons expressed the judgment of the District Court regarding Williams' paternity of the child is affirmed. The judgment of the District Court regarding child support is reversed, and this matter is remanded to the District Court for further proceedings to determine the appropriate amount of child support to be paid by Williams for his child whose paternity has been established in these proceedings.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.