SHIRLEE RUSHTON MCCOLLISTER, APPELLANT, V. HOWARD R.
MCCOLLISTER, APPELLEE.
428 N.W.2d 908

Filed September 16, 1988.    No. 86-843.

John R. Hoffert, of Knudsen, Berkheimer, Richardson &
Endacott, for appellant.

Daniel J. Duffy, of Cassem, Tierney, Adams, Gotch &
Douglas, for appellee.

HASTINGS, C.J., SHANAHAN, and FAHRNBRUCH, JJ., and
RILEY and OTTE, D. JJ.

RILEY, D.J.

This is an appeal in a conversion action from the district
court for Douglas County.

Shirlee Rushton McCollister and Howard R. McCollister
were divorced by decree of the Douglas County District Court
on December 30, 1983. Under such decree Shirlee was awarded
all of her personal effects. On September 4, 1985, Shirlee filed a
petition in the same court, in which she alleged Howard had
converted some 81 items of her personal property which had
been awarded to her under the decree. The petition alleged that
Shirlee was presently a resident of Omaha and Howard a
resident of Overland Park, Kansas; the personal property in
question was last known to be located in Colorado Springs,
Colorado.

On October 4, 1985, Howard filed an answer denying that he
converted said items and filed a counterclaim seeking the return

of several items of personal property he was awarded under the decree, and seeking monetary damages for certain blinds and drapes which were awarded to him but were allegedly taken by Shirlee.

On September 9, 1986, Howard filed a demurrer on the ground that the court had no jurisdiction of subject matter in this action. A hearing was held on September 16, 1986, at which time the demurrer was sustained and the case dismissed. Shirlee appeals.

The sole assignment of error is that the district court erred in sustaining the demurrer on the ground that it did not have subject matter jurisdiction.

Jurisdiction of the subject matter is the power of a court to hear and determine cases of the general class to which the proceedings in question belong. The power to deal with the general subject involved in the action does not mean simply jurisdiction of the particular case then occupying the attention of the court. *State ex rel. Bauersachs v. Williams*, 215 Neb. 757, 340 N.W.2d 431 (1983); *Lewin v. Lewin*, 174 Neb. 596, 119 N.W.2d 96 (1962), citing 21 C.J.S. *Courts* § 23 (1940).

The duty and power of the district court to act or otherwise assume subject matter jurisdiction is conferred by Neb. Const. art. V, § 9, which provides, "The district courts shall have both chancery and common law jurisdiction . . . ."

Neb. Rev. Stat. § 24-302 (Reissue 1985) provides that the district court shall have and exercise general, original, and appellate jurisdiction in all matters, both civil and criminal, except where otherwise provided.

In the instant case, the plaintiff alleged that the defendant converted her personal property. The issue therefore presented is whether district courts in Nebraska have subject matter jurisdiction over tort actions for the conversion of personal property. The answer is clearly in the affirmative.

Howard argues and acknowledges that even though the court may have jurisdiction, it may in its discretion decline to use it, as where the doctrine of forum non conveniens is applicable, the controversy between the parties is concerned with a trifle, and an abuse of legal process is inherent in the case. He cites 20 Am. Jur. 2d *Courts* § 93 (1965).

While discretion is an integral part of the duties conferred upon the judiciary in general, it does not apply here, where the directive to the trial court is mandated.

It is clear that the district court is a court of general jurisdiction with the power to hear and determine tort actions for the conversion of personal property. The trial court erred in sustaining the demurrer of Howard and dismissing the case.

The order of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.