## JAMES H. DUKEHART v. LETTA COUGHMAN.

FILED MARCH 16, 1893. No. 5917.

1. **Bastardy: EVIDENCE.** In a prosecution for bastardy the guilt of the defendant is not required to be established beyond a reasonable doubt. In such a proceeding a preponderance of the evidence is sufficient.

2. ———: ———. The evidence in the case, although conflicting, is sufficient to support the verdict.

3. ———: ———: REVIEW. The rulings of the trial court on the admission of testimony examined and approved.

ERROR from the district court of Gage county. Tried below before BABCOCK, J.

*Hardy & Wasson*, for plaintiff in error.

*Griggs, Rinaker & Bibb* and *A. Hazlett, contra.*

NORVAL, J.

This is a proceeding by which it is sought to charge the plaintiff in error with being the father of a bastard child of Letta Coughman. The complaint was filed in the county court of Gage county, the plaintiff in error was arrested, and, after examination before said court, was bound over to the district court. The case was docketed in said court, and the plaintiff in error pleaded that he was not guilty of the charge. There was a trial by jury, and a verdict of guilty. It was thereupon adjudged that he was the father of the said illegitimate child, and that he should pay to the mother for the future maintenance and support of the child the sum of $50 a year for the period of ten years. From which judgment the defendant below brings the case to this court for review by proceedings in error.

It is strenuously insisted that the verdict of the jury is not sustained by the evidence. The record shows that the prosecutrix is an unmarried woman, and lives with her father and mother; that she became the mother of a child on the 10th day of June, 1892; that at and prior to the time it is alleged the child was begotten, plaintiff in error was a boarder in her father's family. She testified, both in the county court and in the district court, that plaintiff in error had sexual intercourse with her in her father's house in Holmesville on Sunday, the 6th day of September, 1891, while her father and mother were at church; that she only had intercourse with him once, and never had anything to do with any other person. She testified positively that defendant below is the father of her child. Plaintiff in error was examined as a witness in his own behalf, and denied that he was guilty of the act charged. He also attempted to establish an *alibi* by calling several witnesses, who testified that on the 6th day of September,

1891, the day on which it is alleged the child was begotten, plaintiff in error was in Blue Springs, which is four or five miles distant from Holmesville. On the other hand, testimony was introduced tending to show that Dukehart was at the house of Letta's father on the above mentioned date. The evidence being conflicting, it was the province of the jury to determine which witnesses should be believed and which disbelieved. If the jury accepted as true the testimony of the prosecutrix and her witnesses rather than that of the witnesses against her, and there being no more reason for rejecting the testimony of the witness on one side than on the other, it cannot be said that the verdict is not sustained by the evidence, or that it was the result of passion and prejudice on the part of the jury. We do not feel at liberty, on the record before us, to hold that the jury were not justified in returning a verdict of guilty. The paternity of the child was not required to be established beyond a reasonable doubt. In an action like this a preponderance of the evidence is sufficient. (*Altschuler v. Algaza*, 16 Neb., 631; *Strickler v. Grass*, 32 Id., 811.)

It is urged that there is no proof that the child was born alive, or was living at the time of the trial. Counsel for plaintiff in error misconceive the force and effect of the testimony of the prosecutrix, as the following quotation from her testimony shows:

Q. 5. Have you ever been married?

A. No, sir.

Q. 6. You may state if you are acquainted with the defendant J. H. Dukehart.

A. Yes, sir.

Q. 7. You may state, Miss Coughman, whether you are the mother of a child.

A. Yes, sir.

Q. 8. State whether or not that child is an illegitimate child—bastard. (Pointing to a child then held in the arms of plaintiff.)

A. Yes, sir.

Q. 9. You may state, Miss Coughman, who the father of that child is.

A. J. H. Dukehart.

Q. 10. This defendant sitting here?

A. Yes, sir.

Q. 11. When was the child born?

A. June the 10th.

Q. 12. What year?

A. Eighteen hundred and ninety-two.

Q. 13. You may state, Miss Coughman, upon or about what date this child was begotten.

A. The first Sunday in September, as far as I can tell.

Q. 14. This September?

A. Eighteen hundred and ninety-one.

Q. 17. And this child was born in Gage county, Nebraska?

A. Yes, sir.

Q. 18. And begotten in that county?

A. Yes, sir.

Upon cross-examination to the question, "When was it you claim *this* child was begotten?" the witness answered, "Last September, 1891; first Sunday in September, 1891."

The foregoing is the only testimony in the bill of exceptions relating to the birth of the child, and we think was ample proof that the child in question was not only born alive, but was living at the time of the trial.

Complaint is made because the prosecutrix was not permitted to answer three certain questions propounded to her on cross-examination. The first one had reference to the size of plaintiff in error, the question being, "he is a pretty small man." It was objected to, as immaterial, irrelevant, and incompetent, but the court did not make a ruling thereon. We are unable to see the materiality of the inquiry; besides, Dukehart was in the court room during the trial, and at the request of his counsel he and the prosecutrix stood up together before the jury, so that.

they had the opportunity of comparing the sizes of the two. The other questions asked the prosecutrix were objectional, and the court did not err in not permitting them to be answered.

It is claimed that the court erred in sustaining the objections of the plaintiff below to each of the following questions submitted to the witness John Culver, who was sworn for the plaintiff in error:

Q. 334. I will ask you if you remember writing Mr. Dukehart a letter on the 4th of September, 1891, requesting him to meet you in Blue Springs on Sunday, the 6th of September, 1891?

(Objected to, as immaterial, irrelevant, and incompetent. Sustained. Exception.)

Q. 335. Did you write him a letter at that time?

(Objected to, as immaterial, irrelevant, and incompetent. Sustained. Exception.)

The record fails to disclose the relevancy of the testimony sought to be elicited by these interrogatories; besides, error cannot be predicated upon the sustaining of the objections for the reason counsel for plaintiff in error made no statement to the trial court of what he expected to prove by the witness. (*Masters v. Marsh,* 19 Neb., 458; *Mathews v. State,* 19 Id., 330; *Yates v Kinney,* 25 Id., 120; *Burns v. City of Fairmont,* 28 Id., 866.) No reversible error having been pointed out in the record the judgment of the district court is

AFFIRMED.

THE other judges concur.