ALBERT DAVISON V. LIZZIE B. CRUSE.

FILED APRIL 7, 1896.    No. 6412.

1. Witnesses: CONTRADICTORY STATEMENTS: IMPEACHMENT.
To impeach a witness by showing a statement at vari-
ance with that made at the trial, it is necessary to call
attention to such inconsistent statement and inquire
whether or not it was made by the witness at a time and
place indicated.

2. Bastardy: CHASTITY OF COMPLAINANT: EVIDENCE.    Evi-
dence of the unchastity of complainant in a bastardy
proceeding, outside the period of gestation, whether in
the nature of proof of her improper conduct or of her
general reputation for chastity, is irrelevant to the issues
presented for trial. .

3. ———: EVIDENCE.  The probable duration of the period of
gestation is a question of fact to be shown by proper evi-
dence in each particular case wherein that question is
material.

4. ———: ———.  In bastardy proceedings a mere preponder-
ance of the evidence is sufficient to sustain a verdict of
guilty.          -

ERROR from the district court of Douglas
county.   Tried below before DAVIS, J.

Winter & Kauffman and A. D. McCandless, for
plaintiff in error. .

John H. Grossman and J. B. Sheean, contra.

RYAN, C.

On May 5, 1892, plaintiff in error filed and
caused to be docketed in the district court of
Douglas county a certain transcript of appeal
from a justice of the peace.  By her information
on oath, which was certified in said transcript,

Lizzie B. Cruse, an unmarried woman, on April 21, 1892, charged that she was then pregnant with a bastard child of which Albert Davison was the father. This cause, which was brought to the district court aforesaid, was therein continued till December 23, 1892, when it was called for trial. The defendant in the district court was found guilty as charged and was adjudged the putative father of the complainant's bastard child, and charged with its maintenance in the sum of $2,088, payable in monthly installments of $12 each, until said child should attain the age of fifteen years. To reverse these findings and the judgment of the district court the defendant has prosecuted error proceedings to this court. The questions presented will be considered in the order of their occurrence in the petition in error.

There is a recitation in the journal entry of date December 23, 1892, that a motion of Davison for a continuance was overruled, and of this ruling there is now a great deal of complaint in the brief submitted on his behalf. It is unfortunate that there is not in the record a copy of this motion and that the affidavit set out in the brief of plaintiff in error is to be found nowhere else than therein. It is equally unfortunate that no copy of the rules of the district court of Douglas county was offered in evidence that we might ascertain how far, if at all, there was ground for complaint as to the action of the court in setting the case for trial at the time, and on the particular docket, on which the order for trial was entered. There was in the record in the district court a copy of the statements of the evidence of Lizzie B. Cruse given before the justice of the peace in respect to the averments contained in the information sworn to

by her. This in the district court was not offered in evidence by either party.

The first error in the petition in error alleged to have occurred during the progress of the trial, was the refusal of the court to permit cross-examination of the complainant touching her evidence given before the justice of the peace. She was at the time under cross-examination as to the date when she first informed Davison that she was likely to become a mother, when counsel for the plaintiff in error asked her if she was positive it was on the 23d of September, and she answered she was. This answer was followed by the question: "Then why did you swear in the police court that it was not until the 1st of October?" To this question an objection was properly sustained for several reasons,—one of which was that there was in evidence nothing about a trial in police court; and another was that the question in no way tended to show that she did so testify in any court.

The next complaint in the petition in error is that the court refused to permit the defendant in the district court to introduce in evidence the cross-examination of Harry J. Hooper contained in his deposition. As to this offer plaintiff in error has quoted in his brief the following language from the record, to-wit: "The deposition of Harry J. Hooper is offered in evidence. The portions marked on the margin are excluded. Exception. The cross-examination is not read in evidence by the defendant, and after handing the deposition to counsel on the other side, and he refusing to read it, defendant offers to read that portion of the deposition which the court refused to allow the defendant to do, the part, being in

cross-examination." Upon this quoted part of the
record it is urged that there affirmatively appear
two errors,—one as to the portion of the direct
examination excluded; the other as to the entire
cross-examination. The part of the direct exami-
nation excluded was devoted to the reputation of
Lizzie B. Cruse for chastity, during almost two
years when she was for the most part a domestic
in the hotel of the witness at Pawnee City, and to
proof of improper conduct on her part. This
period ended in September, 1891. It has been
held by this court that evidence of unchaste con-
duct of the prosecutrix not confined to the prob-
able period of gestation is incompetent. (*Masters
v. Marsh,* 19 Neb., 458.) There was none of the
direct examination excluded in which the miscon-
duct of the prosecutrix was fixed more definitely
than in "June, July, or August." The only proof
submitted as to the length of the period of gesta-
tion was by the testimony of Dr. Nickles, who
stated that it was about 280 days, and this witness
also testified that the child of Lizzie B. Cruse was
born on June 8, 1892. If we assume 280 days as
the period of gestation, it could only extend back
to the 1st of September, 1891, in this case; hence
evidence of the unchastity of the prosecutrix an-
terior to this time, whether established by reputa-
tion or proof of specific acts, was irrelevant. Be-
cause of language of COBB, J., *arguendo,* in *Masters
v. Marsh, supra,* the defendant in error's counsel
say in their brief: "And the period of gestation,
as fixed by law of this state, was limited to
August 13 and September 30, 1891." Lest there
may be misapprehension on this point, we most
emphatically deny this soft impeachment. This
is not a question of law. It is a question of fact

to be determined upon the evidence submitted in each particular case, and in this respect it is quite analogous to the existence of negligence as contributing to personal injuries.

The complaint as to the exclusion of the cross-examination of Mr. Hooper is in effect determined by what has been said as to the inadmissibility of the part of the direct evidence by which was called in question the chastity of Lizzie B. Cruse previous to September 1, 1891, for the cross-examination of Hooper was on this same line. It is urged that in admitting in evidence only the fourth interrogatory and answer thereto of the deposition of W. A. Spees there was error prejudicial to the plaintiff in error. The interrogatory and answer referred to which were read to the jury fixed the month's duration which W. A. Armstrong boarded at the hotel in Wymore in which the prosecutrix was a domestic as being in the months of August and September, 1891, and this was the only matter at all relevant in this deposition. The testimony of H. W. Crowe was with reference to the improper conduct of Lizzie B. Cruse in 1888, and it was therefore properly excluded under the rule already stated and applied.

Plaintiff in error requested the court to give instruction numbered 1, and the refusal to give this instruction was in the motion for a new trial assigned as error jointly with the refusal to give instruction numbered 2, asked by the same party to this litigation. The aforesaid instruction numbered 1 was in the following language: "You are instructed that the evidence of the plaintiff shows that she was not a resident of Douglas county, Nebraska, at the time this suit was commenced, and your verdict must therefore be for the defend-

ant." There was uncontradicted evidence that
the complainant was, and had been, a resident of
Douglas county since April 1, 1892. The com-
plaint was filed with the justice of the peace April
21, 1892, and whether or not at that time she had a.
legal settlement in another county was imma-
terial. (*Clark v. Carey*, 41 Neb., 780.) This instruc-
tion was therefore properly refused, and this pre-
cludes an examination of instruction numbered 2:
grouped with it by the motion for a new trial.
There was at most conflicting evidence, and
though the jury accepted as true that of the com-
plainant, we cannot on that account alone say its
verdict was .without proper support. (*Robb v.
Hewitt*, 39 Neb., 217; *Dukehart v. Coughman*, 36
Neb., 412.) The judgment of the district court is.

AFFIRMED.