STATE, ON COMPLAINT OF CHRISTINE EVERSON, APPELLEE,
v. JOHN O'ROURKE, APPELLANT.

FILED DECEMBER 23, 1909.    No. 15,781.

1. **Bastards:** EVIDENCE. Evidence of the unchastity of a complainant in a bastardy proceeding, outside the period of gestation, is irrelevant to the issues presented for trial.

2. ——: ——. By section 5, ch. 37, Comp. St. 1909, it is provided that at the trial in a bastardy proceeding "the examination before the justice shall be given in evidence." Whether it was the purpose of the legislature to require, or permit, the examination to be read without reference to the usual rules of evidence, or whether or not it is within the discretion of the district court to pass upon and decide as to the competency, materiality or relevancy of the evidence taken before the justice of the peace, *quære*.

3. **Trial:** INSTRUCTIONS. Under the rule stated in *Johnson v. Johnson*, 81 Neb. 60, it is *held* that an instruction to the trial jury, that if a witness had knowingly sworn falsely to any material matter, they might, if they saw fit to do so, disregard all his testimony, "except such portions as are corroborated by the testimony of credible witnesses," is not prejudicially erroneous by reason of the statement of the exception.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*J. A. C. Kennedy,* for appellant.

*Shotwell & Shotwell, contra.*

REESE, C. J.

A proceeding in bastardy was instituted against defendant before a justice of the peace of Douglas county. A hearing was had in that court, the testimony of complainant, whom we will designate as plaintiff, being reduced to writing. Defendant was recognized to appear before the district court and all proceedings were certified thereto. A jury trial was had in the district court, which resulted in a verdict finding for the plaintiff and that defendant was guilty of being the father of the bastard child of plaintiff. Motions for a new trial and in arrest of judgment were filed and overruled, and judgment was rendered on the verdict. The defendant appeals.

On the trial of the cause in the district court the plaintiff was called and sworn as a witness. During the cross-examination defendant's counsel asked her the following question: "State whether or not you have a similar charge as the one presented here now pending in another court in this county against another man?" This was objected to by plaintiff's counsel as incompetent, irrelevant and immaterial; when the court said: "I will sustain the objection unless you show it is for this particular case, this child." Defendant excepted. The next question was: "State whether or not at the preliminary hearing of this matter you were asked the following question and made the following answer? 'State whether or not you have a similar charge as the one presented here now pending in another court of this county against another man?' and you answered, 'Yes.'" This was objected to by plaintiff upon the ground as above. The objection was sustained, to which defendant excepted. He then offered to prove that

the answer made by the plaintiff was "Yes." The court then said: "I will permit you to ask and have answered such questions as are proper, without respect to whether you were denied that (them) below or not." She was then asked: "State how many bastard children you have?" Objected to by plaintiff for the reasons above stated, and, further, as "tending to prejudice the jury against this plaintiff." The objection was sustained. Defendant then offered to prove "that the plaintiff has two bastard children alive." This was objected to for the reasons first herein above given, and the objection was sustained over defendant's exception. These rulings of the court are assigned as grounds of error.

It is, and must be, conceded that the mere fact that plaintiff was the mother of other illegitimate children cannot constitute a substantive defense in actions of this kind. The proof is unquestioned that at the time of the hearing before the justice of the peace the child was not yet born, but at the time of the trial in the district court it had been born alive and was then living. The mother was unmarried. Therefore some one was the putative father of the child, and it was the duty of such person to provide for its maintenance. It could make no difference as to the character of the mother, nor how many children she had, except in so far as the credibility of her testimony touching the paternity of the child might be impaired. If the purpose of the examination was to establish the bad character of plaintiff for chastity, the evidence was inadmissible. *Davison v. Cruse,* 47 Neb. 829. If it was sought to show by her that she had accused another of the paternity of the particular child referred to in these proceedings, the question was not sufficiently definite. By the same rule, stated in *Davison v. Cruse, supra,* if the question was intended to refer to another and former bastard child, the ruling of the court was correct. However, when the evidence taken on the preliminary hearing was offered and read by defendant, the

court permitted the affirmative answer of plaintiff to be read, which removed all grounds of complaint, if any existed.

As suggested above, defendant introduced and offered to read the examination of plaintiff taken before the justice of the peace. This was objectd to by the prosecution "as incompetent, for the reason that there were certain questions asked upon the preliminary examination which were incompetent to be asked at the time, to which the counsel for the plaintiff took exceptions at the time, and were overruled." The court responded: "It may be admitted and read subject to the objections made by the plaintiff or the defendant and the rulings of this court." This ruling is assigned for error. In view of the provision of section 5, ch. 37, Comp. St. 1909, that "at the trial of such issue the examination before the justice shall be given in evidence," it is probable that the ruling was erroneous, there being no limitation or exception in the statute. From the language used by the legislature it would seem that it was the purpose to require, or permit, the examination to be read without reference to the usual rules of evidence as to competency, materiality or relevancy. However, this question will not be conclusively decided here, as we are unable to find any ruling of the court in the admission or exclusion of the evidence which was to the prejudice of defendant. The record is somewhat involved upon this part of the case, but as we read and understand it there was no ruling excluding any part of the transcript of the testimony offered. It is true that an objection to one question was sustained, but the justice of the peace had sustained the same objection, and no answer had been given. In another instance an objection to a question was sustained, but upon further reflection the answer was permitted to be read. In some instances it is uncertain as to whether the ruling was by the justice or district court, but we must conclude from the way in which the transcript is written that the rulings not shown affirmatively to have been made by the district

court were made by the justice and certified to in the transcript which was being read. As we read the record, the whole of the transcript of the evidence of plaintiff was read to the jury, and our holding is in full accord with those in *Stoppert v. Nierle,* 45 Neb. 105.

Objection is made to a part of instruction numbered 7, given by the court upon its own motion. This instruction is as follows: "You are the sole judges of the credibility of the witnesses, and of the weight of the testimony, and you should so far as possible harmonize all the testimony so as to give credence to all the witnesses; but if you are unable to do this on account of any irreconcilable conflict in the testimony, it will be your duty then to determine which witnesses are the more worthy of belief, and to be governed in the finding of your verdict by their testimony. In passing upon the weight of evidence and the credibility of witnesses, you may consider their appearance on the stand, their manner of testifying, their apparent candor, fairness, bias or prejudice, their interest, if any they have in the result of the trial, their relationship to the defendant and the prosecuting witness, their means of knowledge, distinctness of recollection, and the probability or improbability of their statements as viewed in the light of all the facts and circumstances in evidence before you. *If you believe that any witness has knowingly sworn falsely to any material matter in the case, you may, if you see fit to do so, disregard all his testimony, except such portions as are corroborated by the testimony of credible witnesses.*"

The objection is to that part of the instruction which we have italicized. It is claimed, in particular, that the words, "except such portions as are corroborated by the testimony of credible witnesses," should not have been added, and that their addition renders the instruction erroneous. It is contended by plaintiff that the instruction is correct, citing *Walker v. Haggerty,* 30 Neb. 120, but that, even if it should be held not a correct statement of law, yet it could work no prejudice to defendant, as

there was no contradiction in the testimony. There certainly was a contradiction and conflict between the testimony of plaintiff and defendant. She testified positively to the intercourse. He as positively denied it. The questions then are: Is the instruction erroneous? If so, was it prejudicial? In *Walker v. Haggerty, supra,* an instruction containing the phrase objected to here was given to the trial jury, and was approved by this court "as an abstract proposition of law", and that, considering the condition of the evidence, it would have been error to refuse to give it. However, it does not appear in that case that the attention of the court was called to the particular language objected to here, and we cannot say what the ruling would have been had the use of those particular words been challenged.

In *Titterington v. State,* 75 Neb. 153, the refusal of the trial court to give an instruction on this subject, because it did not contain the qualifying words objected to here, was condemned, and the holding in *Denney v. Stout,* 59 Neb. 731, disapproved. But what the decision would have been had the trial court given the instruction with the limitation added, we are unable to say, for it appears that no instruction was asked or given upon the subject. It can subserve no good purpose to review the cases referred to by Judge BARNES in writing the opinion in *Titterington v. State, supra.* The instruction in this case gives the jury permission to disregard all the testimony of a false-swearing witness, *"except such portions as are corroborated by the testimony of credible witnesses."* The natural conclusion would be that the jury *cannot* disregard the corroborated testimony of the witness; in other words, that it must be considered. In *Atkins v. Gladwish,* 27 Neb. 841, Judge COBB, in writing the opinion, says that he does not find either the weight of authority or reason to indispensably require the use of the qualifying words in an instruction upon the subject under consideration; that "if the witness may not be believed unless corroborated, but may not be disbelieved if corroborated,

even then credence is given alone to the corroborating testimony, and not to that of the implicated witness." This reasoning is, to the mind of the writer, correct, and yet is not conclusive that in this case the court erred in the use of the modification objected to.

Practically this same question was presented in *Johnson v. Johnson*, 81 Neb. 60. In that case the contention was not that the witness had knowingly testified falsely, but that evidence had been introduced, the tendency of which was to impeach him as "a person of bad reputation for truth and veracity in the neighborhood where he resides." It is thought that the same rule is applicable to the one case as to the other. The trial court in that case instructed the jury that, if they believed from the evidence that the witness referred to was a person of bad reputation for truth and veracity in the neighborhood in which he resided, "then, as a matter of law, that fact tends to discredit his testimony, and as jurors you may entirely disregard it, except so far as he is corroborated by other credible testimony, or by facts and circumstances proved on the trial." The objection to the instruction was to the closing portion thereof containing the exception. The language and use of the exception was approved, and the effect of the holding is that, if there were no corroborating evidence, the exception might be omitted, but, if there were, it was proper to give it. As there was some evidence produced in this case which tended in some degree at least to corroborate the testimony of the plaintiff, we cannot say that the inclusion of the exception in the instruction was prejudicially erroneous. The evidence of defendant's guilt is not, by any means, conclusive, but we are here met by the reflection that this is a civil action, that the evidence was conflicting, and that the jury were the sole judges of the facts, and we are barred thereby.

It follows that the judgment of the district court must be affirmed, which is done.

                                        AFFIRMED.