LELA COWAN, APPELLEE, v. CLARENCE J. ERTEL, APPELLANT.

FILED FEBRUARY 27, 1914. No. 17,638.

1. **Bastardy:** REVIEW: CONFLICTING EVIDENCE. A verdict of guilty, in a prosecution on a charge of bastardy, where the evidence is conflicting, will not be set aside unless it clearly appears to be wrong.

2. ———: ———: STRIKING EVIDENCE. A judgment will not be reversed because of excluding evidence or striking out evidence, after it has been admitted, unless it appears that such evidence was competent and relevant to the issues, and materially supported the cause or defense of the complaining party.

3. ———: ———: MISSTATEMENTS OF COUNSEL: CORRECTION OF ERROR. Nor will a judgment be reversed for misconduct of an attorney in making unwarranted statements of fact in his argument to the jury, if the court immediately, upon his attention being called to the matter, rebukes the attorney for his statements, and directs the jury to disregard the same.

4. ———: ———: ARGUMENT OF COUNSEL. Record examined, and *held* that other statements of the attorney for the prosecution, of which complaint was made, did not amount to misconduct, and were within the limits of legitimate argument.

APPEAL from the district court for Scott's Bluff county: RALPH W. HOBART, JUDGE.  *Affirmed.*

*C. H. Sloan, F. W. Sloan, J. J. Burke* and *L. L. Raymond,* for appellant.

*Morrow & Morrow* and *W. W. White, contra.*

BARNES, J.

The defendant, Clarence J. Ertel, was tried in the district court for Scott's Bluff county on complaint of Lela Cowan, an unmarried woman, charging him with being the father of her illegitimate child.  The trial resulted in a verdict of guilty, and the court rendered judgment on the verdict, requiring defendant to pay the complainant the sum of $1,200 for the support of the child.  A motion for a new trial was overruled, and the defendant has brought the case here by appeal.

Appellant's first contention is that the verdict is not sustained by the evidence.  The record discloses that the complainant told a consistent story, and her evidence was strongly supported by the testimony of other witnesses as to admissions made by the defendant, and also by the letters of the defendant introduced in evidence.  It was also corroborated by the conduct of the defendant after he was confronted with the charge.  The question of the defendant's guilt was one for the jury to determine; and if the jury believed the complainant and her witnesses there was ample evidence to justify the submission of the case to the jury.  Therefore, it cannot be said that the verdict is not sustained by the evidence.

The defendant produced one Fred Fulton as a witness in his behalf, who testified that he was working for complainant's brother-in-law in March and April, 1910, helping haul potatoes from a distant farm and unloading them in a sod building about 250 yards from the residence; that one evening, about April 27, 1910, he was unloading potatoes, and complainant came down there.  He said: "I was talking to her, and I asked her what kind of a guy Ertel was.

* * *   She said she was playing him for straight; she wanted to marry him." When asked the direct question, "Did you, or did you not, have sexual intercourse with the prosecutrix at that time?" the witness said, "I refuse to answer." By the court: "Do you desire to claim your privilege? A. I claim my privilege." This testimony was stricken out of the record on the motion of complainant's counsel, and the ruling is assigned as error. At the time the transaction, which the witness attempted to describe, took place, the prosecutrix had been pregnant more than a month, and it is difficult to see how his testimony would in any manner disprove the fact that the defendant was the father of her child.

It is also contended that so much of the testimony of this witness as related to the statement of the prosecutrix that she was playing Ertel for straight, that she wanted to marry him, was an admission against her interest; that it was competent; and therefore it was error to strike out all of Fulton's testimony. It is unnecessary to comment on the effect of this evidence. It proves nothing more than that the prosecutrix had confidence in the defendant and wanted to marry him.

It is also contended that the court erred in striking out the testimony of the witness Patterson. The testimony of that witness was that he saw the complainant and Fulton on or about April 27, 1910, at the sod house in question. The fact that Fulton's testimony was properly stricken from the record renders the testimony of the witness Patterson immaterial. It was incompetent for the same reason that Fulton's evidence was excluded.

It is further contended that the court erred in refusing to receive the testimony of one Fred Conklin, by whom defendant offered to prove that he saw Joe Patterson at the sod house on the same occasion. It is argued that this testimony was corroborative of the facts told by Patterson; but, when Patterson's testimony was stricken from the record, of course it was proper to refuse to receive the testimony of the witness Conklin.

Error is also assigned for the misconduct of counsel for the complainant in his closing argument to the jury. It appears that when counsel commenced his argument he made the following statement: "I am going to comment, however, at considerable length as to the conclusions that have been drawn by counsel for the defense in this case. But before proceeding to argument of this case I am going to make the charge now, and I think I can substantiate it from the evidence, that this defense has been fixed up. Just who fixed this defense I think will appear before I get through with this argument." Defendant's counsel promptly objected to the statement as unwarranted by any evidence or conclusion to be drawn from the evidence. The court in passing upon the objection said: "Counsel seemingly does not seem to be basing the conclusion that he mentioned upon his own statement, but he seems from the statement to be basing it upon the evidence as he will hereafter review and examine the same, and try to establish his conclusion from the evidence. And so long as he keeps within the rule of staying by the evidence the court believes that he is within the rule." So far as we can determine from this record, counsel for the prosecution by this statement did not violate the rule of legitimate argument.

It further appears that counsel in his argument made use of the following language: "Why, you remember this man Patterson on the stand. He did not know anything when it came to cross-examination. I presume that he got his consideration for what he did. I presume the other fellow (referring to the witness Fulton) did likewise." Counsel for the defendant objected to the statement as unfair. By the Court: "There is no evidence of that kind or character, and nothing on which counsel can base such an assertion shown by the evidence, and therefore counsel is outside of the record, and he should not make any charge of that kind or character, and the jury will dismiss from their minds any charge of that kind or character made." By this ruling the court withdrew from the jury the statement last above referred to, and told them to dis-

miss it from their minds. We think that was the proper way to dispose of the objection, and we are unable to see how the defendant could have been prejudiced thereby.

As above stated, if the jury believed the testimony of the plaintiff and her witnesses, they were fully justified in finding the defendant guilty. The cause seems to have been fairly tried, and submitted to the jury under proper instructions, and as a reviewing court we are unable to set aside the verdict.

The judgment of the district court is therefore

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.