VINNIE G. PARRISH, APPELLEE, v. RAY HODGES, APPELLANT.

FILED JUNE 5, 1915. No. 18122.

1. **Bastardy: APPEAL: OBJECTION.** In a bastardy proceeding, an objection which is so general in terms that the court's attention is not drawn to the point sought to be raised will be disregarded when urged upon appeal.

2. ——: ——: CONFLICTING EVIDENCE. In a bastardy proceeding, only a preponderance of the evidence is necessary to a conviction, and a verdict rendered on conflicting evidence will be sustained unless it is clearly wrong.

3. ——: ——: HARMLESS ERROR. An improper question asked in cross-examination of defendant in a bastardy proceeding, to which an objection is sustained, is not ground for reversal, unless it appears that prejudice resulted to defendant therefrom.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*John A. Miller,* for appellant.

*J. M. Easterling* and *J. E. Morrison, contra.*

MORRISSEY, C. J.

Plaintiff brought this action against defendant under sections 357-364, Rev. St. 1913, by filing a complaint before a justice of the peace, charging defendant with being the father of her bastard child. He was found guilty by the jury, and the court entered a judgment ordering him to pay, in instalments, for the support of the child $939, and defendant has appealed.

Omitting the formal parts, the complaint is as follows: "Vinnie G. Parrish * * * on her oath deposes and says that at all times herein stated she was and now is an unmarried woman and a resident of the said county and state; that on the 10th day of January, 1912, she was delivered of a bastard male child, and that said Ray Hodges is the father of said child. She further avers that said child is still alive."

Defendant points out that the complaint does not allege that at the time of conception plaintiff was unmarried. This precise matter was before the court in *Campion v. Lattimer*, 70 Neb. 245, and was decided adversely to the contention of the defendant. But defendant attempts to differentiate between *Campion v. Lattimer* and the instant case, because, in the former, objection to the complaint appears to have been made for the first time in this court, while in the instant case objection was made in the court below. The objection was in the following language: "Defendant * * * refuses to plead to said amended complaint and objects to the sufficiency thereof, and to the form of the amended complaint, and for the reason that the action is entirely changed from the original complaint filed herein." This objection was too general; it was not sufficient to challenge the court's attention to the point sought to be made. The proof shows that complainant had not been married at the date of the birth of the child, or the making of the complaint, and this assignment will not be considered further.

It is next contended that the evidence is insufficient to sustain the verdict. The defense was in the nature of an alibi, and several witnesses, mostly relatives, were called by defendant to sustain his theory; but, this being in the nature of a civil action, a preponderance of the evidence is all that is required to sustain the verdict. The jury passed upon the conflicting stories told, and the finding of the jury will not be disturbed.

Misconduct of plaintiff's attorney in the trial is assigned as error. But after a careful reading of the record we are not prepared to say that defendant was prejudiced in the matter of his defense by any act of plaintiff's counsel. The baby was in court during the trial, and this question was asked: "You say that little baby over there is not your child?" Objection was sustained, and the question was not answered. Defendant now contends that this was prejudicial. Jurors are not so easily influenced that a question of this kind will affect their verdict. The jury knew there was a baby, and its mere presence in the

courtroom and this reference to it cannot be said to be so prejudicial as to warrant a reversal of the judgment.

Complaint is made because plaintiff's counsel propounded certain questions to defendant and his witnesses on cross-examination, but objections to these questions were either sustained or the answer was adverse to plaintiff, and defendant was not prejudiced thereby.

It is next contended that the court erred in instructing the jury, but an examination of the record fails to show any error in this regard. Finally, it is said that the judgment is excessive. Defendant is now 21 years of age, and, so far as the record shows, is in good health. The judgment is to be paid in small semiannual instalments, without interest, if paid when due. There is no evidence to show that the mother has any means, yet she is charged with the care and education of this child. Her burden seems the greater of the two, and the judgment is

AFFIRMED.

LETTON, SEDGWICK and HAMER, JJ., not sitting.