LAURA A. MARTIN, APPELLANT, v. CHARLES A. LEININGER, APPELLEE.

FILED APRIL 19, 1919. No. 20516.

Bastardy: PATERNITY: QUESTION FOR JURY. Where the evidence of complainant in a bastardy proceeding, if undisputed, would be sufficient to make a *prima facie* case, and a direct conflict in the evidence appears, the issue of fact as to the paternity of the child must be submitted to a jury to determine.

APPEAL from the district court for Sioux county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*F. S. Baker* and *J. E. Porter,* for appellant.

*Earl McDowell, contra.*

LETTON, J.

Appeal from a judgment of dismissal in a bastardy proceeding. The trial court at the conclusion of the evidence sustained a motion for a directed verdict in favor of the respondent.

The complainant, who was a girl between 16 and 17 years of age and whose education had only proceeded to the fifth grade, resided with her parents in Sioux county. In May, 1916, she went with her sister and brother-in-law to Scott's Bluff county in an automobile. On the way they stopped at the home of respondent's father, with whom he resided, and were allowed to spend the night in an unoccupied tenant house not far away. Later in the evening complainant went back after some milk for her sister's baby, and after the milking was done respondent accompanied her on her return. He was an unmarried man about 28 years of age. It is not disputed that the young people diverged from the path, and went to the banks of a nearby stream, and it was there that complainant testifies the first act of intercourse occurred. According to her evidence, they were equally desirous of the association. According

to his testimony, the old story of Potiphar's wife was reenacted; respondent taking the part of Joseph. No tangible results followed. In June complainant wrote respondent a loving and rather salacious letter, and early in November she sought and found employment at a hotel in Gering. She left the hotel the next day, went to Mitchell, hired a conveyance, and was taken to respondent's home, arriving in the evening. She did not see respondent that night. The next morning respondent was about to go rabbit hunting. She says that he invited her to accompany him. He says she forced her company upon him. Complainant testifies that on this expedition they went to the unoccupied house mentioned, and that there several acts of intercourse took place, which resulted in the birth of a child. Respondent admits they went near the house, but denies they went inside, or that acts of intercourse occurred. This was about November 6 or 7. The child was born August 12, 1918, after the usual period of gestation.

The motion to instruct was upon the ground that complainant omitted to call her sister and brother-in-law as witnesses, and did not try to obtain their testimony, and that her evidence was in contradiction to her former testimony.

The omission to take the depositions of the sister and her husband, who resided in another state, as to the time complainant returned to the house in May, was not so material as to justify a dismissal, and the statements made by complainant were not so inconsistent as to warrant such procedure. Her story at least has the merit of frankness, in that she does not make the not uncommon plea of being overcome by force, but openly confesses submitting to a man whom she had just met for the first time.

There is nothing to show that complainant had intercourse with any other man about the time conception must have taken place. Whatever may be said of the

103 Neb.—29

conduct of this adolescent girl, it forms no defense to an action whose purpose is to protect society against the liability to support the child. This is a civil case which must be decided by a preponderance of the evidence, and where such a conflict of evidence appears, the issue of fact is committed by the law to a jury to determine. While the defense against such an accusation is a difficult one to make, and no doubt wrongs are sometimes committed by juries, the lawmakers have left the statute as it is for a long time, and we are not at liberty to change it.

REVERSED.

CORNISH and ALDRICH, JJ., not sitting.