SOPHIA TORSKE, APPELLEE, v. EDWARD JOHANSEN, APPEL-LANT.

FILED MARCH 27, 1920. No. 20950.

Bastardy: EVIDENCE. "In a bastardy proceeding, only a preponderance of the evidence is necessary to a conviction, and a verdict rendered on conflicting evidence will be sustained unless it is clearly wrong." *Parrish v. Hodges*, 98 Neb. 403.

APPEAL from the district court for Kearney county: WILLIAM C. DORSEY, JUDGE. *Affirmed.*

*J. L. McPheely* and *Charles A. Chappell*, for appellant.

*Lewis C. Paulson*, contra.

ALDRICH, J.

Plaintiff filed complaint in the county court of Kearney county under sections 357-364, Rev. St. 1913, charging defendant with being the father of her child. Defendant pleaded not guilty. A preliminary examination was had, defendant held to appear in the district court to answer the charge of bastardy. Trial was had to a jury, defendant found guilty. The defendant's principal

defense is that the evidence was insufficient. We have laid down rules governing the sufficiency of evidence in this class of cases, and we will be guided by these rules as they are the law of the state. "In a bastardy proceeding, only a preponderance of the evidence is necessary to a conviction, and a verdict rendered on conflicting evidence, will be sustained unless it is clearly wrong." *Parrish v. Hodges,* 98 Neb. 403. "A verdict of guilty, in a prosecution on a charge of bastardy, where the evidence is conflicting, will not be set aside unless it clearly appears to be wrong." *Cowan v. Ertel,* 95 Neb. 380. Following the same idea, we have again said in *Hutchinson v. State,* 19 Neb. 262: "A judgment will not be reversed upon the ground that the verdict is against the weight of evidence where the testimony is conflicting, if there is sufficient testimony to sustain the verdict." These are well-recognized rules of this court in bastardy proceedings. An examination of the record discloses that the evidence is in conflict, but the naturalness of plaintiff's evidence persuaded the jury to believe her testimony, and we will not disturb it unless it appears materially or clearly false.

We have carefully analyzed the instructions given by the court. They are correct, and responsive to the issues presented to the jury, and accurate in the application of the law to the facts.

The evidence shows that the child was born within the period of gestation, and that the defendant was the only man with whom she had sexual intercourse during this period.

The verdict is right, and is

AFFIRMED.