NELLIE WALTON, APPELLEE, *v.* VINCENT CARROLL, APPELLANT.

FILED MAY 6, 1921.    No. 21356.

Bastardy: SUFFICIENCY OF EVIDENCE. The record examined, and *held* that the verdict of the jury is supported by the evidence.

APPEAL from the district court for Knox county: ANSON A. WELCH, JUDGE. *Affirmed.*

*J. F. Green* and *M. F. Harrington,* for appellant.

*Fred H. Free, Free & Pickens* and *P. H. Peterson,* contra.

DEAN, J.

On July 19, 1918, the prosecutrix, an unmarried woman of 18, was delivered of a bastard child. The jury found that defendant was its father. The court thereupon de-

Walton v. Carroll.

creed that he should pay $2,000 to the prosecutrix for the child's maintenance, in instalments, namely, $75 on October 18, 1919, and $75 on the 18th of every month thereafter, until the $2,000, and the costs of the suit, were fully paid. Defendant appealed.

Prosecutrix testified, in substance, that her parents' home was on the outskirts of the village of Creighton; that she kept company with defendant for about three months, when, about August 18, 1917, he first had sexual intercourse with her, on a Sunday afternoon, at her parents' home, when they were away; that the next time was about October 18 in the nighttime in the yard of her parents' home; that he had sexual intercourse with her once and sometimes twice a month until about two months before the child was born. Otto Hasenpflug and his wife, who is a sister of the prosecutrix, testified that they saw her and defendant together on the evening of October 18, going into a picture show at Creighton at about 9 o'clock in the evening, after the first show was over. Another testified that he saw them together at about 10 o'clock sometime in October on a Saturday night, and that they were "going west toward town." He was unable to fix the date. The father of the prosecutrix testified that he had a talk with defendant respecting the parentage of the child, and that he asked him " if he had been with the girl, and he said, yes, he had several times;" that he had seen defendant and his daughter together on several occasions, and that defendant was often at his home.

Defendant and the prosecutrix are about the same age. He testified that he took her to a picture show three or four times. He denied that he ever had the relations with her to which she testified. Respecting his whereabouts on October 18, 1917, defendant testified that he was then working on his father's ranch, and that he was there on the evening and the night of that day, and not elsewhere as she testified. He admitted that he had two conversations with Mr. Walton, and that, when he was asked by him if he was the father of the child he told him that he

was not, and that nothing was said to him about marriage.

The prosecutrix introduced a picture in evidence that shows the defendant seated between her and another young girl in defendant's one-seated buggy. She testified that it was taken in November, 1917, or soon after the illicit relations between them began. Defendant argues that the foliage that forms the back ground of the picture shows that it must have been taken earlier in the year. From this he argues that the presence of the foliage contradicts the story of the prosecutrix, and that the court erred in refusing to give an instruction which reads: "Where the evidence of any witness or witnesses, if such there be, conflicts with the actual physical facts and conditions, then it is the duty of the jury to accept as true the physical facts and conditions as against such evidence." We do not think the argument of the defendant is tenable. The prosecutrix may have been mistaken in regard to the time when the picture was taken, but that is merely a collateral issue. The testimony of five or six young boys of 18 was introduced tending to prove that the prosecutrix made statements in a public place to the effect that defendant was not responsible for her condition. This was denied by her. It may be added that on this, as on every material point, the evidence conflicts, but it was all submitted to the jury under proper instructions, and the questions of fact were settled by the verdict. We do not find reversible error.

The judgment of the district court is therefore

AFFIRMED.

ROSE, J., not sitting.