STATE, EX REL. BLANCHE BISHOP, APPELLEE, V. CHARLES
A. LISTON, APPELLENT.

FILED JUNE 27, 1923. No. 22457.

1. **Bastardy.** A preponderance of the evidence is all that is necessary to sustain the verdict of a jury in a bastardy proceeding.

2. **Evidence** examined, and *held* sufficient to sustain the verdict.

APPEAL from the district court for Hayes county: CHARLES E. ELDRED, JUDGE. *Affirmed.*

*Beeler, Crosby & Baskins* and *Stewart, Perry & Stewart,* for appellant.

*Halligan, Beatty & Halligan, contra.*

Heard before MORRISSEY, C. J., ALDRICH and DAY, JJ., COLBY and REDICK, District Judges.

ALDRICH, J.

This is a bastardy proceeding brought in Hayes county upon the complaint of Blanche Bishop against Charles A. Liston, defendant. Hearing was had in county court and defendant was bound over to the district court. The trial resulted in a verdict finding defendant guilty as charged in the complaint. Motion for new trial was overruled and judgment entered allowing complainant the sum of $3,063 for maintenance of the child, to be paid quarterly in installments covering a period of 15 years. Defendant appeals.

On the 21st day of April, 1921, there were bastardy proceedings held in the county court of Hayes county on complaint of one Blanche Bishop, appellee herein, charging one Charles A. Liston, defendant, with being father of her unborn child. Evidence was submitted on part of appellee and defendant. The first witness offered to sustain the charge was the appellee, Blanche Bishop. She told a story, plain, unequivocal, and without attempting to be unduly prejudicial, and in the main was corroborated in detail by other witnesses of respectable character. The first detail describes how defendant sought the ruin of the appellee and when it was accomplished. Medical men were called to detail and describe the period of gestation

and they agreed and 'fixed the time at 280 days. The birth of the child in question corroborates this statement.

The defendant is a ranchman owning extensive cattle interests and has a large and paying ranch. The appellee's father worked for him and resided near the Liston ranch. He noticed her condition and suspected who was 'the author of it, and upon the birth of the child, Blanche Bishop, the appellee, swore out a complaint against the defendant charging him with her seduction. She was unmarried. Defendant had a family consisting of a wife and one son. On the night of September 5, 1920, defendant broke into the bedroom where the appellee was sleeping, entering the same by breaking open a window.

The defense claims that the window was newly painted and stuck and could not be opened, when the evidence was that defendant pushed the window open. The man who did the painting was called as a witness on behalf of defendant, and on cross-examination testified the paint did not stick to the window but it was stuck when he came to do the painting. Anyhow, the appellee testified as to the condition of the window on the night of September 5, and this repudiated defendant's theory. The jury believed what the girl said and disbelieved the witnesses called against her. It suffices to say that the complainant's story is corroborated by every physical fact and circumstance in the case and the jury's verdict is the only one that could be arrived at under the evidence.

The defendant told his neighbors that, had Blanche Bishop come to him, he would have fixed matters and there would have been no trouble.

Appellant in his brief complains because of alleged contradictions in complainant's testimony, but we submit that there is not a single contradiction in a material point in her testimony. The screen, it is true, which was at the window is not before this court, and we submit that the examination of the screen, made at the time it was displayed to the jury at the trial of this case, showed that

it had either been fastened by hooks or nails, or, as related by the complainant, from the outside. There was a stop on the inside of the screen, but there was no testimony that the stop was in place or that it was caught on the night in question. Mrs. Liston testified that the stop in the window was so tight that she had to use a pair of pliers to pull it out. An examination of the screen however showed that the stop was perfectly loose, and Mrs. Liston, thereupon, in an attempted explanation of her testimony stated that she used the pliers as a matter of convenience, and not of necessity, as she first testified. An examination also proves that, on account of weakness of the spring in the stop when it was pulled up, it did not go back in place without being pushed in. We submit that the testimony of the girl as to how the screen was fastened is practically undisputed in the record of this case. This is a question of fact largely, and the verdict will not be disturbed upon the evidence introduced if the same is apparently true.

A preponderance of the evidence in this case is all that is necessary and the verdict of the jury will be sustained where there is evidence to support the same. This rule of law was followed in *Olson v. Peterson,* 33 Neb. 358, and *Strickler v. Grass,* 32 Neb. 811; and, also, in the well-considered case of *Parrish v. Hodges,* 98 Neb. 403. Also in *Walton v. Carroll,* 106 Neb. 138, the same doctrine is reiterated. Also in *Martin v. Leininger,* 103 Neb. 448, we find a reiteration of the same doctrine. We consider, then, this to be the law in Nebraska on this proposition.

Complaint is made on the part of defendant that appellee was allowed to testify as to the fact that she told Mrs. Stoetzel, the following morning, what had happened between her and the defendant. It was not error for this testimony to be allowed. *Oleson v. State,* 11 Neb. 276; *Welsh v. State,* 60 Neb. 101; *State v. Meyers,* 46 Neb. 152. As for that matter outside cases can be cited which hold this theory also. On this point see *Totten v. Totten,* 172 Mich. 565; *Gardner v. Kellogg,* 23 Minn. 463. This establishes the law on this proposition in this jurisdiction and

others. This matter that she told Anna Stoetzel that she had intercourse on the night before was brought out in the first place by defendant himself, and not by appellee.

It should be further noticed that all the medical experts testifying say that the baby should be born the 28th or 29th of May, 1921, if the act of intercourse took place on September 1, 1920, and such was the case as a matter of fact. All the evidence sustains the fact of defendant's sexual intercourse with the complaining witness and that is sufficient. Modern cases along this line are *Martin v. Leininger,* 103 Neb. 448; *Torske v. Johansen,* 104 Neb. 378; *Walton v. Carroll,* 106 Neb. 138. These, according to Nebraska authority, sustain the girl by the overwhelming weight of authority of the law, and such is the law.

Again we repeat the proposition, in a bastardy proceeding all that is necessary is to have a preponderance of the evidence as appears by authority. The testimony all shows and the argument of counsel sustains the proposition of the truthfulness of the complainant.

The case of *Hutchinson v. State,* 19 Neb. 262, in regard to the sufficiency of the evidence, dealt with a situation where there was but one act of intercourse. The period of gestation was 304 days, about 20 days longer than the normal period. Testimony of a number of experts was taken, and it was shown that, while the probabilities were against the complainant therein, yet they were not conclusively so. In the opinion it was said: "Pregnancy would probably follow from the intercourse testified to under the circumstances shown to have existed, and that the period of gestation was not extended beyond what medical science and experience proves to be possible. These questions were properly submitted to the jury under proper instructions. They were fully and carefully examined. Physicians of high standing in their profession were before the jury, and, in the main, supported the testimony of the complainant (although somewhat conflicting), to the extent that the facts of which she testified were not impossible. We cannot say that the verdict was

not supported by sufficient evidence."

The jury has already found that the period of gestation was as detailed by complainant. It should be noted here that: "A judgment will not be reversed upon the ground that the verdict is against the weight of evidence where the testimony is conflicting, if there is sufficient evidence to sustain the verdict." *Hutchinson v. State,* 19 Neb. 262.

As a matter of law the mother of the child is a competent witness in a case like this. Without doubt the act of sexual intercourse has been amply and abundantly proved. The conviction is sustained by the law and the fact.

Other propositions are urged by appellant which we do not consider necessary to discuss herein. We have carefully reviewed the law and all the facts in connection with this case. The instructions given by the lower court were substantially correct and were without reversible error. They reflect the law governing this class of cases and correctly and comprehensively inform the jury as to its application to the disputed question of fact submitted for their determination.

In view of the foregoing discussion the case is affirmed. The judge and jury found the law and facts correctly and should not be reversed.

AFFIRMED.