ETHEL LABERTEW, APPELLEE, V. RAY H. WEEKS, APPELLANT.

FILED FEBRUARY 26, 1924. No. 22665.

1. **Appeal:** HARMLESS ERROR. A judgment will not be reversed because of an error in an instruction, when it clearly appears that the error was not prejudicial to the complaining party.

2. **Evidence** reviewed, and *held* sufficient to sustain the verdict.

3. **Bastardy:** DAMAGES. " The amount which a defendant in bastardy proceedings shall be adjudged to pay is largely in the discretion of the district court, and its award will not be disturbed unless manifestly excessive." *Gatzemeyer v. Peterson,* 68 Neb. 832.

4. ———: ———. The judgment entered *held* not excessive.

APPEAL from the district court for Scotts Bluff county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Mothersead & York,* for appellant.

*F. J. Reed* and *L. L. Raymond, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and DAY, JJ., REDICK, District Judge.

MORRISSEY, C. J.

Plaintiff brought this action against defendant by fil-

ing her complaint before a justice of the peace within and for Scotts Bluff county, in the following language:

"On this 18th day of April, 1921, Ethel Labertew personally appeared before me, O. P. Burrows, a Justice of the Peace in and for Scotts Bluff county, and being by me first duly sworn on oath says that she is an unmarried woman, resident of Scotts Bluff county, Nebraska. That on the 15th day of April, 1921, she was delivered of a bastard child and that Ray H. Weeks is the father of said child."

The sufficiency of this complaint is upheld in *Campion v. Lattimer*, 70 Neb. 245, and cited and approved in *Parrish v. Hodges*, 98 Neb. 403.

Upon trial in the district court, defendant was found guilty by a jury and the court entered a judgment ordering him to pay for the support of the child $2,520 in semi-annual installments of $90 each.

The court instructed the jury as follows:

"The only questions for your consideration in this matter are whether or not Ethel Labertew is an unmarried woman; that on the 15th day of April, 1921, she was delivered of a bastard child, and that Ray H. Weeks is the father of said child, and if you so find by a preponderence of the evidence you should find the defendant guilty as charged. If, on the other hand, you do not find by a preponderance of evidence that Ethel is an unmarried woman, that she was delivered of a bastard child and that Ray H. Weeks is the father of said bastard child, then you will find the defendant not guilty."

Complaint is made because the court used the present tense and left the jury to determine whether or not plaintiff was unmarried at the time of the trial. The court should have told the jury to determine whether she was married or unmarried at the time she gave birth to the child. The complaint alleges that plaintiff was unmarried at the time she filed the complaint, which was only three days after she gave birth to the child. We have already shown that this was sufficient allegation of her unmarried status, both at the time of the conception and of the birth of the child. A sub-

sequent marriage would not have defeated her cause of action, so when the court told the jury that if they found that she was not then unmarried, he placed a burden upon her which under some circumstances would have been prejudicial to her. The instruction was erroneous, but was in no wise prejudicial to defendant.

Defendant denies that the evidence is sufficient to sustain a finding that plaintiff was unmarried at the time of the birth of the child. It is true that the proof on this point might have been made more clear and direct, but proof that she was then unmarried is not entirely lacking. She was asked the direct question if she was married when she filed the complaint and she answered that she was not. Her maiden name is shown to be the same as that under which she filed the complaint and the same name under which she testified as a witness. No issue was made on this point in the court below. The defense consisted of a denial of the paternity of the child. On this issue the proof is conclusive. The record indicates that she was recognized by all parties as an unmarried woman. The testimony of defendant shows that he played the role of sweetheart and that he looked upon her as a single woman. There was talk of marriage between them, and the evidence is ample to sustain a finding that she had not been married.

It is claimed that the judgment is excessive, and we are cited to a number of allowances made by courts in bastardy cases in which the sum awarded is not so great as the sum awarded in this case.

"The amount which a defendant in bastardy proceedings shall be adjudged to pay is largely in the discretion of the district court, and its award will not be disturbed unless manifestly excessive." *Gatzemeyer v. Peterson,* 68 Neb. 832.

The judgment entered does not appear excessive.

Complaint is made of the admission of certain evidence, including letters written by defendant, but these complaints are without substantial merit.

Defendant has shown a wanton disregard for both his moral and legal obligations, and, there being no prejudicial error in the record, the judgment is

AFFIRMED.