MARIE MADSEN, APPELLEE, v. JEWETT POORE, APPELLANT.

FILED JUNE 5, 1936. No. 29601.

*Carrico & Carrico,* for appellant.

*Carl T. Curtis, contra.*

Heard before GOOD, EBERLY and PAINE, JJ., and CLEMENTS and THOMSEN, District Judges.

EBERLY, J.

Plaintiff brought this action against the defendant by filing her complaint in writing before the county court for Kearney county, Nebraska, in the following language:

"Marie Madsen on this 20th day of June, 1934, personally appeared before me, L. E. Robb, County Judge of Kearney county, Nebraska, and being by me first duly sworn, on oath says that she is an unmarried woman, a resident of Kearney county, Nebraska, and that she is pregnant with child which, if born alive, will be a bastard, and that Jewett Poore is the father of said unborn child."

On his plea of "not guilty" to this complaint, the accused was tried in the district court for Kearney county by a jury duly impaneled, and at the conclusion of the trial, a verdict was returned finding the defendant, Jewett Poore, guilty as charged, and from the order of the trial court overruling his motion for a new trial, defendant appeals.

Defendant makes two contentions at the bar of this court, viz.: (1) That the plaintiff failed to prove that the prosecutrix was an unmarried woman at the date of conception

and date of birth of the child; and (2) the insufficiency of the evidence generally to support the verdict.

In *Johnson v. State*, 55 Neb. 781, 76 N. W. 427, we announced the rule: "To sustain a finding of guilty in the trial of a bastardy case in the district court of the proper county, it is necessary to show by the evidence that the mother, at the time of the birth of the alleged bastard, was an unmarried person."

In *Parker v. Nothomb*, 65 Neb. 315, 93 N. W. 851, we held that the term "unmarried," as used in our present statute, "properly refers to the status of the mother at the time her child is begotten and born, and does not relate to her situation at the time of making the complaint." See, also, *Engstrom v. Engstrom*, 117 Neb. 167, 219 N. W. 837.

Even so, this jurisdiction is committed to the rule: "In a bastardy proceeding, only a preponderance of the evidence is necessary to a conviction, and a verdict rendered on conflicting evidence will be sustained unless it is clearly wrong." *Torske v. Johansen*, 104 Neb. 378, 177 N. W. 169. See, also, *Parrish v. Hodges*, 98 Neb. 403, 153 N. W. 493; *Davison v. Cruse*, 47 Neb. 829, 66 N. W. 823.

It also follows that, as a civil proceeding, competent and material evidence in bastardy proceedings may be either direct or circumstantial.

On the question first presented, we find ample evidence to establish that the complainant was an "unmarried woman" in the full sense of the statutory term. At her preliminary examination, the questions and answers were reduced to writing as provided by section 9-101, Comp. St. 1929. Section 9-105, Comp. St. 1929, provides: "When such accused person shall plead not guilty to such charge, * * * at the trial of such issue the examination before the justice shall be given in evidence." This court has confirmed the terms of the statute. *McDonald v. Brown*, 90 Neb. 676, 134 N. W. 263; *State v. O'Rourke*, 85 Neb. 639, 124 N. W. 138.

The questions and answers taken before the county judge

were read in evidence, without objection. They include the following, as testified to by the complainant in the county court on July 25, 1934: "Q. Are you married or unmarried? A. I am not married. * * * Q. How old are you? A. Thirty years old. Q. Never married? A. No." On February 12, 1935, in the district court for Kearney county, this witness testified: "Q. Are you married or unmarried? A. I am not married." In addition, the plaintiff is referred to as "Miss Madsen" by witnesses of both plaintiff and defendant. The doctor who delivered the illegitimate child testified, at the time of trial, in part, as follows: "Q. Did you attend one Marie Madsen at the Salvation Army Home in Omaha on the 29th day of August, 1934? A. Yes. Q. What was the nature of her sickness then at that time? A. Childbirth. Q. Did you deliver her at that time of a child? A. Yes."

As already appears, plaintiff, as Marie Madsen, had already testified that she was thirty years old, and never married.

Whatever may be said of the evidence, she was certainly treated by the defendant as a single woman during his relations with her, and she appears to have been so recognized by all parties in interest, and by the witnesses as well. There is not a syllable of evidence in the record which tends to support the opposite conclusion. The proof that plaintiff was unmarried at the time of the birth of the child is much stronger in the instant case than the evidence before the court on this point in *Labertew v. Weeks*, 111 Neb. 712, 197 N. W. 420, which we held was sufficient to sustain the verdict.

As to the general objection urged at the bar of this court that the proof was insufficient to establish the paternity of the child, the evidence contained in the bill of exceptions, read and considered as an entirety, does not sustain appellant's contention. It is conflicting, but not more so than is usually presented in this class of cases. There is fairly presented by it the question of paternity of the illegitimate child as a matter for a jury to deter-

mine. The credibility of witnesses, who were heard and seen by the jury, was necessarily involved. The jury have spoken by their verdict, after having heard this evidence, and having received instructions from the trial court, as to which no errors are charged. There is ample support in the evidence for the verdict so rendered, and it will not be set aside. *Hutchinson v. State*, 19 Neb. 262, 27 N. W. 113; *Cowan v. Ertel*, 95 Neb. 380, 145 N. W. 841; *Torske v. Johansen*, 104 Neb. 378, 177 N. W. 169.

The action of the trial court in overruling defendant's motion for a new trial was therefore correct, and its judgment is

AFFIRMED.