STATE OF NEBRASKA EX REL. ELEANOR KLOSTERMEIER,
APPELLEE, V. EMIL KLOSTERMEIER, APPELLANT.
72 N. W. 2d 848

Filed November 11, 1955.   No. 33781.

*J. A. Hayward* and *Herbert W. Baird,* for appellant.

*Joseph Ach, Alan L. Steinacher,* and *Joe T. Vosoba,*
for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by the State of Nebraska on relation
of Eleanor Klostermeier, plaintiff and appellee, against
Emil Klostermeier, defendant and appellant. The action
was originally instituted by the filing of a complaint
in the county court of Saline County, Nebraska, charg-

ing that the defendant was the father of an unborn child of Eleanor Klostermeier which child, if born alive, would be born out of wedlock. Eleanor Klostermeier was the complainant and she will be hereinafter so referred to. The child was born alive and through appropriate proceedings the case became an action in the district court.

In the district court the issue as to whether or not the defendant was the father of the child was tried to a jury. The verdict of the jury was that the defendant was guilty, the effect of which was to say that he was the father. Later a hearing was had to the court the purpose of which was to have fixed and determined the amount which the defendant should be required to pay for the support of the child. At that hearing it was adjudicated that the defendant should pay to Saline County for doctor and hospital bills $141.25 and $5,040 for child support as follows: For doctor and hospital bills $35.30 on January 17, 1955, $35.30 on the 15th of the two succeeding months, and $35.35 on the 15th of the next month; and that starting on the 18th day of April and on the 18th of each month thereafter he should pay $20 until the total sum of $5,040 awarded for child support was paid.

Motion for new trial, termed motion to set aside verdict and for judgment non obstante veredicto, was duly filed. This was in due course overruled. From the judgment on the verdict, the judgment fixing the amount of payments to be made, and the order overruling the motion the defendant has appealed.

The assignments of error in the brief are numerous but in the light of the manner in which the case has been presented the only question before this court is that of whether or not the verdict finding that the defendant is the father of this child born out of wedlock is sustained by the evidence. The propriety of the award is not discussed.

The testimony of the complainant as to the act of her-

self and of the defendant which was productive of this child is clear, specific, and unequivocal. Nothing has been found in it from which it may be said that it was incapable of belief.

This evidence of complainant in and of itself was not sufficient to sustain the verdict. Section 13-112, R. R. S. 1943, provides in part as follows: "The uncorroborated testimony of the mother shall not alone be sufficient to support a verdict or finding that the alleged father is actually the father."

One of the contentions made by the defendant as ground for reversal herein is that the testimony of the complainant stood without corroboration.

Attention has not been called to any case wherein this court has spoken upon the character, quality, or extent of corroboration required in cases of this kind. However it has spoken on a number of occasions with reference to it in another class of cases wherein the testimony of the prosecutrix must be corroborated, and no reason appears as to why the rule and observations applicable to the other class of cases should not be made applicable in cases such as this one.

In criminal prosecutions wherein the charge is rape a conviction may be sustained only if the testimony of the prosecutrix is corroborated. As to the character and quality of corroboration required this court said in an early case: "In a prosecution for rape, it is not essential to a conviction that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn." Fager v. State, 22 Neb. 332, 35 N. W. 195. The pronouncement has been consistently adhered to in the later decisions. See, Aller v. State, 114 Neb. 59, 205 N. W. 939; Beer v. State, 129 Neb. 366, 261 N. W. 824; Haynes v.

State, 137 Neb. 69, 288 N. W. 382; Frank v. State, 150 Neb. 745, 35 N. W. 2d 816; Hughes v. State, 154 Neb. 86, 46 N. W. 2d 904.

In the case of Beer v. State, *supra,* while there were other circumstances, being together in a room was evidently regarded as a corroborating circumstance. In Aller v. State, *supra,* it was pointed out that opportunity and inclination could be regarded as corroborating circumstances.

In this case the testimony as to the act and the time of its commission was positive and clear. The circumstances relied upon as corroboration were that the defendant was in the home of complainant at about the time that conception took place. Opportunity existed. A physician testified that conception took place at about the time the complainant said the act took place.

We think that, within the meaning of the rule, the circumstances related in the evidence satisfy the statutory requirement as to corroboration. .

The defendant of course denied the acts charged against him. In addition he adduced evidence of sterility on his part. His own testimony in this regard was supported by that of a specalist in the genito-urinary field of medicine and surgery. The evidence of this witness supported the claim of sterility produced by surgery at the time of trial. However, he was not able to testify that the surgery was performed before the conception of this child born out of wedlock. The question of sterility was one of fact and for the jury.

In Beer v. State, *supra,* one of the questions for determination was that of impotency. As to it this court said: "Whether the defendant was impotent was, under the evidence, a question of fact for the jury."

It is true that sterility rather than impotency is involved here but reason does not suggest that a different rule should apply.

As to the weight of evidence in this kind of case this court has said: "In a bastardy proceeding, only a pre-

ponderance of the evidence is necessary to a conviction, and a verdict rendered on conflicting evidence will be sustained unless it is clearly wrong." Parrish v. Hodges, 98 Neb. 403, 153 N. W. 493. See, also, Torske v. Johansen, 104 Neb. 378, 177 N. W. 169; Madsen v. Poore, 131 Neb. 195, 267 N. W. 418.

The present action is not nominally a bastardy action but it is the same as the old action known by that name. By a statutory change a child born out of wedlock is simply so denominated instead of, as formerly, a bastard.

There is nothing in the record which would justify this court in saying that the verdict of the jury in this case was clearly wrong. In this light and in the light of the other observations contained herein it is found necessary to say that the question of whether or not the defendant was the father of complainant's child born out of wedlock was one to be determined by a jury. The applicable rule, as stated by this court, is the following: "Where the evidence of complainant in a bastardy proceeding, if undisputed, would be sufficient to make a prima facie case, and a direct conflict in the evidence appears, the issue of fact as to the paternity of the child must be submitted to a jury to determine." Martin v. Leininger, 103 Neb. 448, 172 N. W. 353. See, also, State ex rel. Bishop v. Liston, 110 Neb. 487, 194 N. W. 477.

The conclusion reached is that the issues presented by the complaint were properly submitted to a jury and that the record contains no error which would justify vacating or setting aside the verdict or the judgment rendered thereon. The judgment of the district court is therefore affirmed.

AFFIRMED.